**Carol PAVEK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 07–86–0313–CR.**

Court of Appeals of Texas, Amarillo.

Sept. 14, 1987.

Betty Wheeler, Jeff Blackburn, Amarillo, for Pavek.

Bill Baumann, Co. Atty., Amarillo, for State.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

REYNOLDS, Chief Justice.

Appellant Carol Pavek brings this appeal from a denial of the relief she sought by her pretrial application for writ of habeas corpus to be released from a charge of committing an act prohibited by the recently enacted statute regulating lay midwives. *See* Tex.Rev.Civ.Stat.Ann. art. 4512i (Vernon Supp.1987). Appellant contends the prohibition is cast in unconstitutionally vague language and, therefore, cannot form the basis for a criminal prosecution. Although the State, represented by the Potter County Attorney, has not challenged appellant's contention in this Court, we disagree with the contention and affirm.

In enacting legislation for the regulation of lay midwives, the Legislature prohibited certain acts by midwives, one of which is that a lay midwife may not "remove placenta by invasive techniques." Tex.Rev.Civ. Stat.Ann. art. 4512i, § 17(3) (Vernon Supp. 1987). By the following section 18(a)–(b), the Legislature classified the commission

of an act prohibited by the statute as a Class C misdemeanor.

Appellant was charged by indictment with committing the act prohibited by section 17(3) when it was alleged that she did "knowingly and intentionally remove the placenta of Dolly Malone by invasive technique." The indictment, charging the misdemeanor, was transferred to a justice court where, upon appellant's plea of nolo contendere to the court, she was found guilty and assessed a fine.

Appealing to the County Court at Law of Potter County, appellant then filed her application for writ of habeas corpus in that court, seeking a dismissal of the cause upon the allegation that the statute under which the indictment was brought is void for vagueness. The court denied relief, and this appeal ensued.

With two points of error, appellant presents her contention that the section 17(3) language is so vague that it violates her right to due process guaranteed by the constitutions of the United States and the State of Texas. *See* U.S.Const. amend. XIV, § 1; Tex.Const. art. I, § 19. Specifically, appellant argues that because the Legislature did not define the terms "remove" and "invasive techniques," these terms, as used in the statute, are so vague that they fail to give a person of ordinary intelligence fair notice of the conduct forbidden.

Of course, if the section 17(3) prohibition is cast in terms so vague that persons of common intelligence must necessarily guess at its meaning and differ as to its application, then it violates the first essential of due process of law. *Connally v. General Const. Co.*, 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322 (1926); *Passmore v. State*, 544 S.W.2d 399, 401 (Tex.Cr. App.1976). *Accord Papachristow v. City of Jacksonville*, 405 U.S. 156, 162, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972); *Cotton v. State*, 686 S.W.2d 140, 141 (Tex.Cr.App. 1985). Whether the prohibition is cast so vaguely as to be constitutionally offensive must be determined in harmony with the general principles of construction.

A cardinal rule of statutory construction is that where words are not defined by the Legislature, the words employed are ordinarily given their plain meaning, without regard to the distinction usually made between the construction of penal laws and other laws, unless the act clearly shows that the words were used in some other sense. *Campos v. State*, 623 S.W.2d 657, 658 (Tex.Cr.App.1981); *Ramos v. State*, 419 S.W.2d 359, 364 (Tex.Cr.App.1967). Conformably, the Texas Government Code specifically provides that "words shall be given their ordinary meaning" except where "the word is connected with and used with reference to a particular trade or subject matter or is used as a word of art." Tex.Gov't.Code Ann. § 312.002(a)–(b) (Vernon Pamp.1987).

Applying these rules, it is at once apparent that within the context of the legislation, the Legislature employed the word "remove" in its commonly accepted sense of

1. To move from a position occupied. 2. To convey from one place to another. 3. To take from one's person.

Webster's New Riverside University Dictionary 995 (1984). And it is equally apparent that since the terminology "invasive techniques" is referenced to a matter normally medical, the Legislature used the words in their medical sense, *viz:*

invasive—involving puncture or incision of the skin or insertion of an instrument or injection of foreign material into the body.

Saunder's Encyclopedia and Dictionary of Medicine, Nursing, and Allied Health 660 (4th ed. 1987).

technique—the systematic procedure by which a surgical operation, scientific experiment, or any complex act is accomplished.

Melloni's Illustrated Medical Dictionary 468 (2d ed. 1985).

Given these definitions dictated by law, the section 17(3) prohibition language is sufficiently clear to put persons of ordinary intelligence, particularly lay midwives who possess special knowledge and training, on notice of the acts prohibited. The lan-

guage simply states that a lay midwife must not move the placenta from its position or take it from the body by any procedure which involves an entry into the body. It logically follows that the statute is not unconstitutionally vague.

The judgment of the trial court is affirmed.