NO. 07-09-00326-CR
 
 IN THE COURT OF APPEALS
 
 FOR THE SEVENTH DISTRICT OF TEXAS
 
 AT AMARILLO
 
 PANEL A
 
--------------------------------------------------------------------------------
OCTOBER 6, 2010
--------------------------------------------------------------------------------

 
 HENRY WALTER WOOTEN, APPELLANT
 
 v.
 
 THE STATE OF TEXAS, APPELLEE 
--------------------------------------------------------------------------------

 
 FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;
 
 NO. 20,329-C; HONORABLE ANA ESTEVEZ, JUDGE
--------------------------------------------------------------------------------

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

 OPINION
 
A Randall County jury found Henry Walter Wooten guilty of hindering a secured creditor and assessed a five-year sentence. He appeals the trial court's judgment of conviction. We will affirm.
 
 Factual and Procedural History
 On January 31, 2006, appellant and Amarillo Community Federal Credit Union (ACFCU) entered into an installment sales contract for the purchase of a 2000 Jaguar automobile. The ACFCU office at which the sales contract was signed is located in the Potter County portion of Amarillo. The sales contract and certificate of title both list appellant's address on South Jackson Street, a location both parties agree is in the Randall County portion of Amarillo.
 In April 2008, appellant began to fall behind on his payments. About the same time, appellant left his Randall County residence to live with a cousin in Grand Prairie, Dallas County, Texas. When appellant made this move, he took the Jaguar from Amarillo to Grand Prairie. Appellant and ACFCU remained in contact regarding the status of the payments and the location of the car. On December 3, 2008, appellant reported that the Jaguar had been stolen sometime in early November from Grand Prairie. According to ACFCU, appellant's report followed shortly after one of its conversations with appellant in which he expressed his intent that ACFCU never regain possession of the Jaguar. The State alleged that appellant somehow disposed of the Jaguar in Dallas County. ACFCU never recovered possession of the car.
 Apparently, appellant returned to Amarillo toward the end of 2008. He was subsequently charged with and convicted of hindering a secured creditor. He timely appealed his conviction, bringing one issue for this Court's consideration. He challenges only the factual sufficiency of the evidence to support a finding that venue was proper in Randall County.
 Standard and Scope of Review
 Unless venue was disputed in the trial court or unless the record affirmatively shows the contrary, we must presume that venue was proved in the trial court. Tex. R. App. P. 44.2(c)(1). Appellant concedes that the matter of venue was not raised in the trial court. Our review of the record confirms that it was not. That said, operating within the framework of Rule 44.2(c)(1), we must review the record to see if it affirmatively shows that the State failed to prove venue in Randall County.
 Analysis
Venue in hindering secured creditor prosecution
 For the offense of hindering secured creditors, venue is proper as follows:
If secured property is taken from one county and unlawfully disposed of in another county or state, the offender may be prosecuted either in the county in which such property was disposed of, or in the county from which it was removed, or in the county in which the security agreement is filed.
Tex. Code Crim. Proc. Ann. art. 13.09 (Vernon 2005). So, we have three potential venues here: (1) the county of "disposal"; (2) the county of "removal"; and (3) the county in which the security agreement was filed. No evidence was presented at trial regarding the filing of any security agreement. The parties do not dispute that Dallas County would have been a proper venue as the county of "disposal." Venue in Randall County, then, must be examined in terms of the county from which the property was "removed."
 Since the record establishes that appellant possessed the Jaguar for well over two years at his residence in Randall County and then moved himself and the vehicle to Dallas County, to conclude that the record affirmatively establishes the State's failure to prove venue, we would have to accept appellant's interpretation of "the county from which [the property] was removed" and agree with appellant that Randall County was not a proper venue under article 13.09. We do neither.
Appellant's proposed interpretation of article 13.09
 Appellant's argument in this regard centers on his proposed interpretation of "removed." According to appellant, because article 13.09 does not specifically limit "remove" to say "initially removed" or "any county from which the property was removed," it could only mean the county from which it was "last removed." That is, article 13.09 could only mean removal from the last county in which the property was located immediately before entering the county in which appellant disposed of it. Because the record suggests that appellant disposed of the property in Dallas County, he contends, venue would be proper, under the county of "removal" option, only in counties contiguous to Dallas County. The State maintains that the record establishes that Randall County was a proper venue as the county from which the property was "removed," in the more common sense of the word. Based on the following considerations, we respectfully decline to adopt appellant's interpretation of "removed" as the term is used in article 13.09. 
Rules of construction
 We are guided by general rules of statutory construction. "Words and phrases shall be read in context and construed according to the rules of grammar and common usage." Tex. Gov't Code Ann. § 311.011(a) (Vernon 2005). The Texas Code of Criminal Procedure provides similar guidance: "All words, phrases and terms used in this Code are to be taken and understood in their usual acceptation in common language, except where specially defined." Tex. Code Crim. Proc. Ann. art. 3.01 (Vernon 2005). Generally speaking, to "remove" is "to change the location, position, station, or residence of." Merriam-Webster's Collegiate Dictionary 1053 (11th ed. 2003). "Station" is defined as "the place or position in which something or someone stands or is assigned to stand or remain." Id. at 1219. "Residence" is defined as "the act or fact of dwelling in a place for some time," "the act or fact of living or regularly staying at or in some place for the discharge of a duty or the enjoyment of a benefit," or "the place where one actually lives as distinguished from one's domicile or a place of temporary sojourn." Id. at 1060. By using terms such as "station" and "residence," Webster's definition of "remove" implies a change from a position that is more fixed or readily ascertainable.
 Since the Texas Code of Criminal Procedure does not specifically define "remove," we understand the term in its common usage. Especially when considering the intrinsically mobile nature of an automobile, we reject appellant's proposed reading of the term and, instead, construe the term as referring to moving the vehicle from the county in which it was usually positioned, the county in which it was stationed. Here, that county would be Randall County. 
Theme of venue provisions
 This interpretation is also more consistent with the general approach of our venue provisions. Several cases have recognized the theme in the Texas Code of Criminal Procedure's venue provisions as one that tends toward fixing venue in a county that is sufficiently connected to the offense alleged. See Murphy v. State, 112 S.W.3d 592, 604 (Tex.Crim.App. 2003); Soliz v. State, 97 S.W.3d 137, 141 (Tex.Crim.App. 2003); Dewalt v. State, 307 S.W.3d 437, 460 - 61 (Tex.App. -- Austin 2010, pet. ref'd); Thompson v. State, 244 S.W.3d 357, 366 (Tex.App. -- Tyler 2006, pet. dism'd); Lebleu v. State, 192 S.W.3d 205, 212 (Tex.App. -- Houston [14th Dist.] 2006, pet. ref'd). Under our venue provisions, for venue to lie, the defendant, his conduct, his victim, or the fruits of his crime must have some relationship to the prosecuting county. Soliz, 97 S.W.3d at 141. The Austin Court recently explained the goals of our venue scheme:
Venue statutes function to ensure that jurors have a natural interest in the case because it touched their community; to ensure that prosecutions are initiated in counties that have some factual connection to the case, thus minimizing inconvenience to parties and witnesses; to aid predictability in judicial caseloads, and to prevent forum-shopping by the State. 
Dewalt, 307 S.W.3d at 460 - 61. The Texas Court of Criminal Appeals has characterized the venue provisions as a species of codified "substantial contacts" jurisdiction and explained that, through the venue statues, "[t]he Legislature has specified the types of contacts that satisfy this `substantial contacts' threshold for various offenses." Murphy, 112 S.W.3d at 604; Soliz, 97 S.W.3d at 141.
 Assuming then that article 13.09 is an expression of the Legislature's view of counties bearing "substantial contacts" to the offense of hindering a secured creditor, appellant's position that article 13.09 should be read to fix venue in a county contiguous to Dallas County, the county of disposal, becomes even more tenuous. Indeed, to fix venue in a county through which appellant simply drove the secured property to get to Dallas County would undermine the notion that the venue statues mean to fix venue in a county sufficiently connected to the offense.
 When we consider that a goal of our venue scheme is to fix venue in a predictable county that is factually connected to the offense being prosecuted, we must reject appellant's unwieldy "contiguous-county" interpretation of article 13.09 and recognize that Randall County, the county that a common reading of "remove" would yield as "the county from which [the vehicle] was removed," is significantly connected to the facts of this case. Our conclusion is not only consistent with rules of statutory construction, but is also in step with the theme of Texas venue provisions in which the county of prosecution bears a factual connection to the offense. The factual connection and predictability of Randall County as a venue are more consistent with Texas courts' construction and characterization of our venue provisions. Having concluded that Randall County was a proper venue under article 13.09, we now look to the record to determine whether it affirmatively shows that the State failed to prove venue in Randall County.
What the record shows
 The record shows that defendant lived, and possessed the vehicle, in Randall County for over two years. In fact, the sales contract signed by appellant requires him to promptly notify ACFCU in writing if he changes his address or the address at which he kept the car, demonstrating that the parties expected that the car would be located in Randall County and that moving it elsewhere -- removing it from Randall County -- was a significant event. So, the record shows that the Jaguar was kept at appellant's Randall County address and that, per the terms of the parties' agreement, ACFCU expected the vehicle to be at that Randall County address. The record, then, does not affirmatively show that the State failed to prove venue in Randall County.
 Because venue was not raised at trial and because the record does not affirmatively show the State failed to prove venue, we apply the presumption of Rule 44.2(c)(1) to conclude that the State met its burden of proving venue in Randall County.
 Conclusion
 Having overruled appellant's sole issue on appeal, we affirm the trial court's judgment.

 Mackey K. Hancock
 Justice

Publish.