

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-12-00059-CR

_____

RANDY SCHMUTZ, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 76th District Court
Titus County, Texas
Trial Court No. CR14,334

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Randy Schmutz was a rodeo announcer who branched out and started S & S Ranch Center, a farm and ranch equipment retailer in Stephenville, Erath County, Texas. Under the regular business arrangement between Schmutz and its main supplier, Priefert Manufacturing, headquartered in Mount Pleasant, Titus County, Texas—over 200 miles away—Priefert would send Schmutz inventory to try to sell on consignment and would invoice him at wholesale prices when he sold it. A couple of years into the arrangement, Priefert added an additional Stephenville-based outlet for its products. Schmutz's sales fell off, Schmutz's bank offset a large portion of his operating account for a debt Schmutz owed the bank,[1] S & S closed its doors, and some Priefert invoices went unpaid. After Schmutz filed bankruptcy and was discharged from his debt to Priefert, Priefert pressed criminal charges and successfully got Schmutz convicted in Titus County for hindering a secured creditor.[2]

We affirm the judgment of the trial court because—although (1) Schmutz's appeal was timely filed, and (2) the State did not prove venue in Titus County as it had alleged—

---

[1] In the fall of 2002, a nearby Stephenville retailer (McCoy's Building Supply) also began carrying Priefert products. A bank that Schmutz was borrowing money from (to purchase "commercial property") offset his operating account.

[2] After ten years, a hung jury, and a retrial, in December 2011, a Titus County jury convicted Schmutz of hindering a secured creditor, Schmutz's first conviction. The jury assessed his punishment at two years' confinement and no fine. The trial court later ordered Schmutz to pay restitution to Priefert in the amount of $52,681.57. *See* TEX. PENAL CODE ANN. § 32.33 (West 2011) (hindering secured creditors); *Cabla v. State*, 6 S.W.3d 543 (Tex. Crim. App. 1999) (restitution order after bankruptcy).

(3) Schmutz was not harmed by the failure of proof of venue as alleged, and (4) there was no jury-charge error.[3]

*(1)    Schmutz's Appeal Was Timely Filed*

The State argues that we should dismiss this appeal because Schmutz's notice of appeal was untimely. If calculated from the end of trial and the trial court's pronouncement that he was guilty, Schmutz's notice of appeal was late. The judgment recites that sentence was imposed December 8, the day the trial ended. Schmutz filed a motion for new trial January 6, and his notice of appeal was filed April 5, 2012.

There was, however, some delay in finalizing Schmutz's sentence. At the end of the trial on December 8, the court said that it would set restitution later and would also then announce the length of Schmutz's probationary period. The record indicates that the court finally accomplished this act in the judgment, which the court signed January 7, 2012. The law says that that act is the final act of sentencing. *Bailey v. State*, 160 S.W.3d 11 (Tex. Crim. App. 2004). *Bailey* held that sentencing was not complete until the court decided how much restitution the defendant had to pay and ordered payment.

> At issue in this case is not whether the restitution order itself is an appealable order, instead, the issue is at what time appellant's full sentence was actually assessed and imposed. Was the sentencing complete:   1) at the initial sentencing hearing on February 12, 2001, or 2) at the time the trial court ordered restitution, on March 12, 2001? Due to the unique facts of this case, we find that the sentence was actually imposed at the restitution hearing . . . .

*Id.* at 13.

---

[3]Schmutz has focused his appellate issues just on venue—arguing lack of venue and of a venue-related jury-charge error—and has not claimed that the evidence is insufficient to prove the offense itself.

3

The State argues that *Bailey* did not make the sentencing date the later one, but merely said that a defendant could appeal separately from the restitution order, as calculated from the date the amount was ordered by the trial court. *Bailey* did remand for a hearing on the challenge of the restitution order—which was the matter at bar in that case. However, the language quoted above is much broader than that. Under the authority of *Bailey*, this proceeding was not completed until all of the sentencing actions were complete. The appeal was therefore timely brought.

*(2)    The State Did Not Prove Venue in Titus County as It Had Alleged*

Schmutz raises two points of error related to venue in Titus County. He argues that there was no evidence to prove venue in Titus County and that the trial court erred by refusing to instruct the jury on the applicable venue provision. As to the evidentiary point,[4] we agree, but for a reason other than Schmutz gives and with a result other than Schmuz wants.

Because Schmutz contested venue, it became the State's burden to prove the facts necessary to support venue in Titus County. TEX. CODE CRIM. PROC. ANN. art 13.17 (West 2005). Venue is not an element of the offense and need be proved by only a preponderance of the evidence, not beyond a reasonable doubt. *See Murphy v. State*, 112 S.W.3d 592, 604 (Tex. Crim. App. 2003); *State v. Mason*, 980 S.W.2d 635, 641 (Tex. Crim. App. 1998) (element of offense "does not include every issue to which the State has the burden of proof; it does not

---

[4]The jury-charge issue is discussed later in this opinion.

include, for example, venue or jurisdiction"); *Hays v. State*, 370 S.W.3d 775, 785 (Tex. App.—Texarkana 2012, no pet.)[5]

Although a sufficiency analysis is employed for the evidence regarding venue, the hypothetically correct jury charge does not apply here. *Malik* states that the hypothetically correct jury charge applies to evaluate evidence of the elements of the offense.[6] Because venue is not an element of the offense, the hypothetically correct jury charge does not apply to this analysis. Even if it did apply, the hypothetically correct charge is one authorized by the indictment. In this instance, the indictment specifies only a single mode of committing the crime, by intentionally or knowingly selling or disposing of secured property while being required to account for the proceeds of the sale and failing to do so.

Evidence is sufficient to establish venue if the evidence allows the fact-finder to reasonably find the facts necessary to establish venue under the applicable provision. *See Rippee v. State*, 384 S.W.2d 717, 718 (Tex. Crim. App. 1964); *Knabe v. State*, 836 S.W.2d 837, 839 (Tex. App.—Fort Worth 1992, pet. ref'd).

When prosecuting the crime of hindering secured creditors, the State may choose to prosecute its action in the county in which the property was disposed, the county from which the

---

[5]*See Boyle v. State*, 820 S.W.2d 122, 139–40 (Tex. Crim. App. 1989) (noting that jurisdiction refers to the power of the court to act, venue refers to the place in which a court may exercise jurisdiction).

[6]In *Malik v. State*, 953 S.W.2d 234, 239–40 (Tex. Crim. App. 1997), the Texas Court of Criminal Appeals held, "No longer shall sufficiency of the evidence be measured by the jury charge actually given." Instead, the court announced that the test was based on the elements of the offense as defined by the hypothetically correct jury charge. *Id*. at 240; *Vanschoyck v. State*, 189 S.W.3d 333, 335 (Tex. App.—Texarkana 2006, pet. ref'd). To apply that concept here would be an extension of existing law, because venue is not an element of the offense.

property was removed,[7] or the county where a security agreement was filed. TEX. CODE CRIM. PROC. ANN. art 13.09 (West 2005); s*ee Wooten v. State*, 331 S.W.3d 22, 24 (Tex. App.—Amarillo 2010, pet. ref'd). There is no evidence that either the first or third option could apply to set venue in Titus County. On appeal, the State relies exclusively on the application of the second option, the county "from which [the property] was removed."

The problem is that the only venue allegation in the indictment was based on option one—that Schmutz sold secured property in Titus County. The State must prove venue as it alleges. *Black v. State*, 645 S.W.2d 789, 791 (Tex. Crim. App. 1983). While the indictment alleged that secured property was sold in Titus County, all evidence showed that property was sold elsewhere, in Erath County. The State has failed to prove the venue facts it alleged.

*(3)    Schmutz Was Not Harmed by the Failure of Proof of Venue as Alleged*

Previously, when venue was not proven as alleged, an acquittal was required. *Black*, 645 S.W.2d at 791. But *Black* predates the 1997 amendment of Rule 44.2(b) of the Texas Rules of

---

[7]In a narrowly focused argument, Schmutz contends that the State introduced no evidence to prove venue under the removal option. Schmutz asks us to use, in applying Article 13.09's venue provisions to this case, the definition of "removed" found in Section 32.33 of the Texas Penal Code, the section that defines and criminalizes the offense of "Hindering Secured Creditors." That definition in Section 32.33 indicates that property must be taken out of state to be "removed." *See* TEX. PENAL CODE ANN. § 32.33(a)(1). The meaning of "removed" in Section 32.33(a)(1), however, conflicts with the term's meaning as used in Article 13.09, the separate venue provision applicable to the offense of hindering secured creditors. In contrast to Section 32.33(a)(1), Article 13.09 contemplates that "removal" can happen to secured property if it is moved from county to county within Texas, since its terms require the property to be "unlawfully disposed of *in another county or state*." (Emphasis added.) Therefore, transporting secured property from one Texas county to another necessarily satisfies the "removal" element when trying to establish venue in the county from which property was "removed."

The State argues that the term "remove" in the statute means nothing more than to take from one county to another, without reference to whether it was done willingly or which party moved the property. The State argues that its understanding is necessarily correct because the statute was intended simply as a codification of substantial contacts jurisdiction. Venue, however, requires more than just substantial contacts; the Legislature has specified what types of contacts reach the necessary threshold to authorize venue in each case.

Because the State did not allege venue based on Schmutz's "removal" of the secured property, but its sale, we need not fully analyze the various questions posed by the parties orbiting around the word "remove."

Appellate Procedure, which requires that harm analysis be performed on normal, nonconstitutional errors. A few cases after the 1997 amendment of Rule 44.2 continued to render an acquittal in cases in which venue was not proven as alleged. *See Jones v. State*, 979 S.W.2d 652, 659 (Tex. Crim. App. 1998); *Lemoine v. State*, 85 S.W.3d 385, 389 (Tex. App.—Corpus Christi 2002, pet. ref'd); *see also Stewart v. State*, 44 S.W.3d 582 (Tex. Crim. App. 2001) (did not disavow venue-proof-failure acquittal by Court of Appeals, but reversed on misapplication of which venue statute applied). But in the last few years, the cases—all from Courts of Appeals—have ruled consistently that failure to prove venue is a procedural error subject to a harm analysis as nonconstitutional error. *See Dewalt v. State*, 307 S.W.3d 437, 460 (Tex. App.—Austin 2010, pet. ref'd); *Thompson v. State*, 244 S.W.3d 357, 364–66 (Tex. App.—Tyler 2006) (pet. dism'd as improvidently granted); *State v. Blankenship*, 170 S.W.3d 676, 681–84 (Tex. App.—Austin 2005, pet. ref'd). While the Texas Court of Criminal Appeals has not explicitly overruled *Black*'s requirement of an acquittal, that court's action in refusing review of *Dewalt*, *Thompson*, and *Blankenship* suggests the demise of the required acquittal and the vitality of using a harm analysis. We will analyze for harm.

Failure to prove venue is nonconstitutional error; it will not result in reversal unless the error substantially affected the defendant's rights. *Blankenship*, 170 S.W.3d at 683. "A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict." *Id.* The issue of venue did not affect the court's jurisdiction; venue was not an element of any charged offense. *See Dewalt*, 307 S.W.3d at 460.

7

We conclude that, on this record, no harm befell Schmutz from the State's failure to prove venue as alleged. We see no evidence that the State was forum shopping, that Schmutz was particularly inconvenienced by having to answer the charges in Titus County, that Schmutz did not know what the State was trying to do, that he was prevented from presenting a defense, that the Titus County trial was unfair or the jury or trial court less than impartial, or that our ruling would encourage the State to repeat the error. *See Thompson*, 244 S.W.3d at 364–66; *Blankenship*, 170 S.W.3d at 681–84. Titus County would likely have been proper for venue if the indictment had been correctly worded—as a county from which the secured property was removed. *See* TEX. CODE CRIM. PROC. ANN. art 13.09. Titus County jurors had a natural interest in the subject matter, and Titus County does have a connection to the case since the products did originate in Titus County and much of the evidence was from Priefert, the Titus-County-based creditor. While we believe that the State did get awfully close to emphasizing the venue error in its closing argument to the jury by claiming, essentially, that what was before the jury was Schmutz selling property in Titus County, when it had proved he had sold it elsewhere, that fact, standing alone, does not convince us that harm occurred here from the venue error.

*(4)     There Was No Jury-Charge Error*

Schmutz argues that charge error occurred. Given our earlier discussion about venue as alleged by the State,[8] we disagree.

---

[8] We emphasize the fact that the parties have argued on appeal about the venue option allowing prosecution in the county from which secured property was removed, not the county in which the sale occurred. Contrast that with the indictment and the jury charge, both of which focus on the locus of the sales as alleged.

Schmutz objected to the charge and asked that the charge include the text of the entire venue statute. Schmutz sought the inclusion of a definition "that explains the venue statute for this type of offense." This occurred in the context of Schmutz's long-standing and much-repeated complaint about the inadequacy of the venue provisions as alleged by the State. The court understood the nature of the objection and request, as is ultimately shown by the court's further comment denying the request and notation that the issue is "preserved for appeal."

The indictment alleges that, and the application paragraph of the jury charge asks the jury to determine whether,

> on or about March 1, 2003, in Titus County, Texas, the defendant, RANDY SCHMUTZ, did then and there intentionally or knowingly sell or dispose of secured property, to-wit: inventory manufactured by Priefert Manufacturing, . . . and was required to account . . . and the defendant, with intent to appropriate the proceeds of value of the secured property, by acquiring or otherwise exercising control over said proceeds, did not account to the secured party for the proceeds of the sale or disposition . . . .

As we have said, the State was required to prove venue as it had alleged. Because the jury charge matched the indictment in that respect, there was no jury-charge error. *See*, *e.g.*, *Garcia v. State*, 699 S.W.2d 589, 594 (Tex. App.—Houston [14th Dist.] 1985, pet. ref'd) (jury charge tracking indictment).

9

We affirm the judgment of the trial court.

Josh R. Morriss, III
Chief Justice

Date Submitted:     January 23, 2013
Date Decided:       March 22, 2013

Do Not Publish