

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0530-13

**RANDY SCHMUTZ, Appellant**

**v.**

**THE STATE OF TEXAS**

## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE SIXTH COURT OF APPEALS
## TITUS COUNTY

ALCALA, J., delivered the opinion of the Court in which KELLER, P.J., and PRICE, WOMACK, JOHNSON, HERVEY, and COCHRAN, JJ., joined. KEASLER, J., concurred. MEYERS, J., filed a dissenting opinion.

### O P I N I O N

In this case we are asked to decide whether a claim of venue error is subject to review for harm on appeal. We conclude that venue error at trial is subject to a review for harm by using the standard for non-constitutional errors described in Rule 44.2(b) of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 44.2(b). Applying that standard to this case, we determine that the State's failure to prove venue as alleged was harmless because the record

fails to show that appellant's substantial rights were affected by the venue of his trial, which occurred at one of the places permitted under Article 13.09 of the Texas Code of Criminal Procedure, the specialized venue statute applicable to this case.[1] We, therefore, overrule the two grounds presented in the petition for discretionary review filed by Randy Schmutz, appellant, who contends that the court of appeals erred (1) by determining that the State's failure to prove venue as alleged was subject to harm analysis instead of automatic reversal, and (2) by finding the venue error in his case to be harmless.[2] *See Schmutz v. State*, No. 06-12-00059-CR, 2013 Tex. App. LEXIS 3068, 2013 WL 1188994, at *2 (Tex. App.—Texarkana Mar. 22, 2013) (mem. op., not designated for publication). We affirm the judgment of the court of appeals.

---

[1]    Texas Code of Criminal Procedure Article 13.09 provides:

If secured property is taken from one county and unlawfully disposed of in another county or state, the offender may be prosecuted either in the county in which such property was disposed of, or in the county from which it was removed, or in the county in which the security agreement is filed.

TEX. CODE CRIM. PROC. art. 13.09.

[2]    Appellant's petition presents two grounds:

1. Whether the court of appeals erred by concluding that the State's failure to prove venue in the instant case was subject to harmless-error review, in contravention of this Court's holding in *Jones v. State*, 979 S.W.2d 652 (1998), which reiterated the longstanding rule in Texas that venue error, once established, results in reversal and acquittal.

2. Whether, assuming the State's failure to prove venue is subject to harmless-error review, the court of appeals erred by concluding that the State's trial of [appellant] in Titus County, in defiance of the applicable venue provision, constituted harmless error.

# I. Background

## A. Facts

Appellant signed an operating agreement with Priefert Manufacturing Co., Inc., the complainant in this case, to sell Priefert's farm and ranch equipment on consignment. Appellant agreed to sell this equipment at his retail store in Stephenville, located in Erath County. Priefert delivered its equipment to appellant's retail store from its headquarters in Mount Pleasant, located in Titus County. Appellant picked up inventory at Priefert's headquarters on several occasions and traveled back to his store. After making sales at his store, appellant reported them daily to Priefert's headquarters. Priefert then sent invoices to appellant for the wholesale price of the equipment that had been sold and the cost of the freight.

After the businesses operated under the agreement for over two years, the relationship dissolved by early 2003, when appellant closed his store and admitted to using proceeds from the equipment sales to pay other financial obligations. Priefert filed civil and criminal complaints against appellant in Titus County to recover the unpaid invoices that totaled nearly $90,000. Appellant filed for bankruptcy and discharged his civil liability. The criminal case, however, proceeded to trial.

## B. Trial Proceedings

Appellant was indicted in Titus County for the offense of hindering a secured creditor by misappropriating the proceeds of secured property, a third-degree felony. *See* TEX. PENAL

CODE § 32.33(e), (e)(5) (establishing offense as third-degree felony when the value of misappropriated property totals between $20,000 and $100,000). The indictment alleged that venue lay in Titus County based on appellant's "sell[ing] or dispos[ing] of secured property" there. *See* TEX. CODE CRIM. PROC. art. 13.09. The undisputed facts at trial, however, showed that appellant sold property in Erath, not Titus, County. Titus County was the county from which the property had been removed, but the State's indictment did not allege that theory as a basis for venue.

Appellant repeatedly challenged venue on the ground that he had not disposed of any property in Titus County, as the State had alleged in the indictment. On this basis, he filed a pretrial motion to quash, requested a directed verdict after the State rested its case-in-chief, and requested a jury instruction on the special venue provisions in Article 13.09. *See* TEX. CODE CRIM. PROC. art. 13.09. The trial court denied these requests. The jury convicted appellant of hindering a secured creditor and recommended community supervision. Accordingly, the trial court sentenced appellant to five years of community supervision and ordered him to pay restitution totaling $52,681.57.

### C. Appellate Proceedings

Appellant appealed his conviction to the court of appeals. In light of the record that conclusively showed no property was disposed in Titus County, the court of appeals held that the State "failed to prove the venue facts it alleged," and that this constituted error. *Schmutz*, 2013 Tex. App. LEXIS 3068, 2013 WL 1188994, at *2. The central dispute on appeal

concerned the appropriate harm analysis: Whether the State's failure to prove venue required reversal without a harm analysis, as appellant suggested, or whether it required a harm analysis as non-constitutional error and was harmless, as the State suggested. More specifically, the parties disputed the applicability of this Court's opinion in *Black v. State*, 645 S.W.2d 789, 791 (Tex. Crim. App. 1983).

Over thirty years ago in *Black*, this Court held that "[w]hen venue is made an issue in the trial court, failure to prove venue in the county of prosecution constitutes reversible error." *Id*. Appellant argued that *Black* requires automatic acquittal when the State fails to prove venue as alleged. The State responded that, since *Black* was decided, the Texas Rules of Appellate Procedure were amended and that under the current appellate rules this error is subject to review for harm under the non-constitutional-error standard.

The court of appeals disagreed with appellant. *Schmutz*, 2013 WL 1188994, at *2. As a preliminary matter, it determined that, because appellant disputed venue at trial, the State was not entitled to an appellate presumption that venue was proven. *See id*. at *2; TEX. CODE CRIM. PROC. art. 13.17; TEX. R. APP. P. 44.2(c)(1). With respect to the parties' dispute about the continued validity of *Black*'s holding, which required acquittal "when venue was not proven as alleged," the court observed that *Black* "predate[d] the 1997 amendment of Rule 44.2(b) of the Texas Rules of Appellate Procedure that requires harm analysis" for non-constitutional trial errors. *Schmutz*, 2013 WL 1188994, at *3; *see* TEX. R. APP. P. 44.2(b). Surveying the post-amendment case law, the court found that some courts of appeals still

applied *Black*'s holding,[3] but that other courts of appeals held that the State's failure to prove venue was subject to a harm analysis as non-constitutional error. *Schmutz*, 2013 WL 1188994, at *3 (citing *Dewalt v. State*, 307 S.W.3d 437, 460 (Tex. App.—Austin 2010, pet. ref'd) (applying harm analysis in dicta); *Thompson v. State*, 244 S.W.3d 357, 364–66 (Tex. App.—Tyler 2006, pet. dism'd) (applying harm analysis); *State v. Blankenship*, 170 S.W.3d 676, 681–84 (Tex. App.—Austin 2005, pet. ref'd) (same)). The court concluded that, although this Court has not expressly overruled *Black*, this Court's "action in refusing review of" those decisions applying a harm analysis to venue error "suggests the demise of the required acquittal and the vitality of using a harm analysis" under Rule 44.2(b). *Id*. After determining that the error was subject to review under the standard for harm described in Rule 44.2(b), the court held that the State's failure to prove venue did not harm appellant. *Id*. at *3–4.

## II. Venue Errors Are Subject to Review for Harm

In his first ground, appellant contends that venue error is not subject to a harm analysis and requires automatic reversal. He contends that the court of appeals, therefore, erred by applying the harm standard for non-constitutional error. To support his contentions, appellant presents three arguments: First, appellant suggests that the failure to prove venue,

---

[3] The court of appeals cited several cases as "continu[ing] to render an acquittal in cases in which venue was not proven as alleged." *See Schmutz v. State*, No. 06-12-00059-CR, 2013 Tex. App. LEXIS 3068, 2013 WL 1188994, at *3 (Tex. App.—Texarkana Mar. 22, 2013) (mem. op., not designated for publication) (citing *Jones v. State*, 979 S.W.2d 652, 659 (Tex. Crim. App. 1998); *Lemoine v. State*, 85 S.W.3d 385, 389 (Tex. App.—Corpus Christi 2002, pet. ref'd); and *Stewart v. State*, 44 S.W.3d 582 (Tex. Crim. App. 2001)).

similar to failure to prove an element of the offense, makes the evidence legally insufficient to sustain his conviction and requires acquittal. Second, appellant contends that failure to prove venue is structural error requiring reversal and acquittal on the error alone without a harm analysis. Third, appellant argues that acquittal for venue error is mandatory under *Black*, which has never been overruled by this Court. *See Black*, 645 S.W.2d at 791. As we explain more fully below, we are unpersuaded that the State's failure to prove venue as alleged requires automatic reversal.

## A. Venue Error Does Not Render Evidence Legally Insufficient

Appellant argues that the State's failure to prove venue requires that this Court acquit him of the offense for legally insufficient evidence under *Jackson v. Virginia*. *See Jackson*, 443 U.S. 307, 319, 99 S. Ct. 2781 (1979); *Winfrey v. State*, 393 S.W.3d 763, 768 (Tex. Crim. App. 2013). In *Jackson*, the Supreme Court held that, to be sufficient, the evidence must be adequate for a fact finder to rationally find "the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319. Appellant's argument that *Jackson* requires acquittal for venue error is unavailing because venue is procedurally and substantively different from elements of the offense.

As it is not a "criminative fact," venue is not an "element of the offense" under Texas law. *See Boyle v. State*, 820 S.W.2d 122, 140 (Tex. Crim. App. 1989), *overruled on other grounds by Gordon v. State*, 801 S.W.2d 899 (Tex. Crim. App. 1989); *Fairfield v. State*, 610 S.W.2d 771, 779 (Tex. Crim. App. 1981) (panel op.); *Edwards v. State*, 427 S.W.2d 629, 636

(Tex. Crim. App. 1968). An "element" is a fact that is legally required for a fact finder to convict a person of a substantive offense. *See Jackson*, 443 U.S. at 315 (proof beyond a reasonable doubt required of "every fact necessary to constitute the crime with which he is charged") (quoting *In re Winship*, 397 U.S. 358, 364, 90 S. Ct. 1068, 1072 (2007)); *see also* TEX. PENAL CODE ANN. § 1.07 (defining "elements of offense" to include conduct, result, and culpability elements, as well as "negation of any exception"). Professors Dix and Schmolesky have explained that the remedy for venue error is properly distinguished from that for insufficient evidence:

> If it can be determined that the basis of the acquittal is the failure to prove venue, reprosecution should not be barred because an appellate reversal for failure to prove venue is merely a finding concerning the geographic location where the case may be tried, and it is not a finding of insufficient evidence of a required element of the offense or even a finding that the court lacked jurisdiction.

40 GEORGE E. DIX & JOHN M. SCHMOLESKY, TEXAS PRACTICE SERIES: CRIMINAL PRACTICE AND PROCEDURE § 5:60 (3d ed. 2013). Although venue must be proven "at trial to establish a defendant's [legal] status," that "does not convert" venue into an "element[] of the proscribed offense[]." *State v. Mason*, 980 S.W.2d 635, 641 (Tex. Crim. App. 1998) (citing venue and jurisdiction as separate from elements of offense).

Furthermore, unlike elements of an offense that must be proven beyond a reasonable doubt under *Jackson*, the Texas Rules of Appellate Procedure permit appellate courts to presume that venue was proven unless venue is "disputed in the trial court" or "the record affirmatively shows the contrary." *Compare* TEX. R. APP. P. 44.2(c)(1) (permitting appellate

presumption on proof of venue), *with Jackson*, 443 U.S. at 316 (noting Due Process clause requires evidentiary review for sufficiency of proof "of every element of the offense").

Because venue is not an element of the offense, the court of appeals properly determined that failure to prove venue does not implicate sufficiency of the evidence, nor does it require acquittal under *Jackson*. *Compare Jackson*, 443 U.S. at 319, *with Black*, 645 S.W.2d at 791, *and Lyles v. State*, 257 S.W.2d 310, 311 (Tex. Crim. App. 1953).

## B.  Failure to Prove Venue Is Not Structural or Constitutional Error

Appellant suggests that the State's failure to prove venue is structural error that requires automatic reversal with no harm analysis or, alternatively, that it is federal constitutional error subject to a harm analysis under Rule of Appellate Procedure 44.2(a). Addressing both contentions below, we conclude that both are without merit.

"A 'structural' error 'affect[s] the framework within which the trial proceeds, rather than simply an error in the trial process itself,'" and is not amenable to a harm analysis. *Jordan v. State*, 256 S.W.3d 286, 290 (Tex. Crim. App. 2008) (quoting *Arizona v. Fulminante*, 499 U.S. 279, 310, 111 S. Ct. 1246 (1991)).  All structural errors must be founded on a violation of a federal constitutional right, but not all violations of federal constitutional rights amount to structural errors. *See Davila v. United States*, 133 S. Ct. 2139, 2149 (2013) (stating that structural errors constitute a "highly exceptional category"); *United States v. Marcus*, 560 U.S. 258, 263, 130 S. Ct. 2159 (2010) (stating that "structural errors are a very limited class of errors that affect the framework within which the trial proceeds")

(quoting *Johnson v. United States*, 520 U.S. 461, 468, 117 S. Ct. 1544 (1997)); *Fulminante*, 499 U.S. at 306–08 (Supreme Court has "applied harmless-error analysis to a wide range of [constitutional] errors and has recognized that most constitutional errors can be harmless"); *Cain v. State*, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997) (citing *Fulminante* to hold no error "categorically immune" to harm analysis "[e]xcept for certain federal constitutional errors labeled by the United States Supreme Court as 'structural'"). Other than sufficiency review under the Due Process Clause, which we have already decided is inapplicable to venue error, the only other federal constitutional right identified by appellant is the "vicinage" or "venue" clause of the Sixth Amendment to the federal Constitution. *See* U.S. CONST., amends. VI ("In all criminal prosecutions, the accused shall enjoy the right to a . . . trial, by an impartial jury of the State and district *wherein the crime shall have been committed*, which district shall have been previously ascertained by law . . . .") (emphasis added); XIV; *see* TEX. R. APP. P. 44.2(a). But the vicinage clause has never been included in those errors described as structural by the Supreme Court. *See Davila*, 133 S. Ct. at 2149 (not including venue as type of structural error).

Furthermore, we now expressly hold that the federal vicinage clause is inapplicable in Texas state courts. *See Cook v. Morrill*, 783 F.2d 593, 595 (5th Cir. 1986) ("[I]t is the rule in this circuit that the sixth amendment right of vicinage does not apply to state prosecutions."); *Blankenship*, 170 S.W.3d at 683 ("Neither federal nor state authorities" require vicinage clause's application in state prosecutions) (internal citations omitted); *Garza*

*v. State*, 974 S.W.2d 251, 259 (Tex. App.—San Antonio 1998, pet. ref'd) (same); *Bath v. State*, 951 S.W.2d 11, 19 (Tex. App.—Corpus Christi 1997, pet. ref'd) (same).  As the Court of Appeals for the Fifth Circuit explained, the vicinage clause is not "fundamental and essential to a fair trial" and, therefore, is not a federal constitutional right that is binding on state courts.  *Cook*, 783 F.2d at 595.  Although other state and federal courts are split on the issue, a majority of those courts that have considered the issue have held that the vicinage provision is inapplicable to the states.  *See Stevenson v. Lewis*, 384 F.3d 1069, 1071 (9th Cir. 2004) (collecting cases); *Price v. Superior Court*, 25 P.3d 618, 629 (Cal. 2001) ("Vicinage is not a right that is fundamental and essential to the purpose of the constitutional right to jury trial, the test for incorporation from the Fourteenth Amendment suggested in *Duncan* and *Williams*") (citing *Williams v. Florida*, 399 U.S. 78, 86, 90 S. Ct. 1893 (1970), and *Duncan v. Louisiana*, 391 U.S. 145, 149, 88 S. Ct. 1444 (1968)).  We agree with the majority view that the federal Constitution's vicinage clause does not apply to state prosecutions.  Our conclusion is logically consistent with the court of appeals's determination in this case that venue error is non-constitutional and subject to harm analysis under Rule of Appellate Procedure 44.2(b).  *See Schmutz*, 2013 WL 1188994, at *3; see also State v. Paiz*, 817 S.W.2d 84, 85 (Tex. Crim. App. 1991); *Price*, 25 P.3d at 628–34.

Appellant relies on this Court's opinion in *Paiz* to support his argument that the vicinage clause of the Sixth Amendment is applicable in Texas, but we find the reasoning of that case unpersuasive.  *See Paiz*, 817 S.W.2d at 85.  In *Paiz*, the appellant, a resident of

another state who had failed to pay child support in Texas, challenged the trial court's jurisdiction based on the federal Constitution's vicinage clause. This Court rejected his challenge and expressly stated that it had "found no case from the United States Supreme Court holding that the Sixth Amendment's vicinage provision is applicable to the states," but, even "[a]ssuming arguendo that the vicinage provision is applicable to state prosecutions," the Court concluded that it would pose "no impediment to this state's assertion of criminal jurisdiction" in that case. *Id.* at 86. This Court in *Paiz* thus avoided answering the question of whether the vicinage clause was applicable to the States because it was not required to do so in order to resolve the issues in that case. *Id*.

We conclude that venue error does not implicate the vicinage clause of the Sixth Amendment to the federal Constitution or the Due Process Clause of the Fourteenth Amendment, and that, given its statutory foundation in Article 13.09 of the Texas Code of Criminal Procedure, the State's failure to prove venue as alleged is not structural or constitutional error.[4] *See* TEX. CODE CRIM. PROC. art. 13.09; *compare Davila*, 133 S. Ct. at 2149.

### C. This Court's Precedent Necessarily Overruled Cases Automatically Reversing for Venue Error

The parties dispute whether the 1997 amendments to the Texas Rules of Appellate Procedure implicitly abrogated *Black*'s analysis of venue error and whether this Court's

---

[4] Because appellant has failed to raise any constitutional-error claim based on the Texas Constitution, we do not address it here.

decision in *Jones v. State* signifies that venue error is subject to automatic reversal even after the amendment to the Texas Rules of Appellate Procedure. *See Jones v. State*, 979 S.W.2d 652, 659 (Tex. Crim. App. 1998).[5] We agree with the State that this Court's precedent necessarily overrules *Black* to the extent to which that case provides for automatic reversal based on venue error. *See Schmutz*, 2013 WL 1188994, at *3; *Black*, 645 S.W.2d at 791.

Although at the time that *Black* was decided this Court generally applied the harm standard in *Chapman v. California*, which permitted an appellate court to find error harmless beyond a reasonable doubt, no discussion of a harm analysis for venue error occurred in *Black* or in any of the cases on which *Black* relied. *See Saylor v. State*, 660 S.W.2d 822, 824–25 (Tex. Crim. App. 1983) (applying standard from *Chapman v. California*, 386 U.S. 18, 87 S. Ct. 824 (1967)). When this Court decided *Black*, it discussed the absence of evidence to prove venue and reversed for a new trial without conducting any harm analysis. *See Black*, 645 S.W.2d at 791 (holding that *Black*'s motion for acquittal in light of State's failure to prove venue was improperly denied and reversing and remanding cause). *Black* cited to *Romay v. State*, 442 S.W.2d 399, 400 (Tex. Crim. App. 1969), which followed a long

---

[5]      The parties also relied on several other court of appeals cases that were (1) issued before the 1997 amendment of the Texas Rules of Appellate Procedure, *see, e.g., Knabe v. State*, 836 S.W.2d 837 (Tex. App.—Fort Worth 1992, pet. ref'd), (2) reversed because venue was held proper, *see, e.g., Stewart v. State*, 8 S.W.3d 832 (Tex. App.—Beaumont 2000), *rev'd*, 44 S.W.3d 582 (Tex. Crim. App. 2001), *Soliz v. State*, 60 S.W.3d 162 (Tex. App.—Houston [14th Dist.] 2001), *rev'd*, 97 S.W.3d 137 (Tex. Crim. App. 2003), (3) dicta, *see, e.g., Dewalt v. State*, 307 S.W.3d 437, 460 (Tex. App.—Austin 2010, pet. ref'd), or (4) reversing for venue error without any analysis, *see, e.g., Lemoine v. State*, 85 S.W.3d 385, 389 (Tex. App.—Corpus Christi 2002, pet. ref'd) (merely citing *Jones v. State*, 979 S.W.2d 652, 659 (Tex. Crim. App. 1998) and *Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S. Ct. 2781 (1979)).

line of cases in which this Court reversed and remanded without a harm analysis when venue was not established. *See Barrett v. State*, 8 S.W.2d 133, 134 (Tex. Crim. App. 1928) (reversing for failure to prove venue and "remand[ing] for a new trial"); *Robertson v. State*, 132 S.W.2d 276 (Tex. Crim. App. 1939) (same). Appellant is correct, therefore, that *Black* represented a "longstanding rule" of Texas law at the time it was decided.

Since *Black* was decided, however, Texas case law and the rules of appellate procedure, in accordance with decisions by the Supreme Court, have set forth three different harm standards applicable to various types of errors. First, this Court held in *Cain v. State* that errors categorized by the Supreme Court as structural are reversed automatically without a harm analysis. *Cain*, 947 S.W.2d at 264 (holding that former Rule 81(b)(2) of the Texas Rules of Appellate Procedure requires harm analysis for all trial errors except those held "structural" by Supreme Court); *see Mercier v. State*, 322 S.W.3d 258, 262, 263 (Tex. Crim. App. 2010) ("*Cain*'s holding [is] that only errors labeled as structural . . . are immune from a harm analysis"); *Gray v. State*, 159 S.W.3d 95, 96 (Tex. Crim. App. 2005) ("*Cain* issued a 'broad mandate' that brought the overwhelming majority of errors within the purview of a harm analysis.") (citing *Gonzales v. State*, 994 S.W.2d 170, 171–72 (Tex. Crim. App. 1999)). Second, errors categorized as non-structural constitutional errors require reversal of a conviction unless the appellate court determines that the error did not contribute to the conviction or punishment. *See* TEX. R. APP. P. 44.2(a) ("If the appellate record in a criminal case reveals constitutional error that is subject to harmless error review, the court of appeals

must reverse a judgment of conviction or punishment unless the court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment."). This rule was premised on former Texas Rule of Appellate Procedure 81(b)(2). *See Aguirre-Mata v. State*, 992 S.W.2d 495, 498 (Tex. Crim. App. 1999); *see* former TEX. R. APP. P. 81(b)(2), 49 TEX. B.J. 581 (Tex. Crim. App. 1986, amended 1997). Third, an error that is non-constitutional that does not affect a defendant's substantial rights must be disregarded. TEX. R. APP. P. 44.2(b) ("Any other error, defect, irregularity, or variance that does not affect substantial rights must be disregarded."). The harm standard applicable to non-constitutional errors was added in the 1997 amendment to the appellate rules in Texas.

Only structural error requires reversal without any harm analysis, and the failure to prove venue has not been labeled as structural error by the Supreme Court. This Court's holding in *Cain*, which applies a harm analysis to non-structural errors, necessarily overruled *Black*'s holding that venue error, a non-structural error, is subject to automatic reversal. *See Cain*, 947 S.W.2d at 264; *Mercier*, 322 S.W.3d at 262; *Gray*, 159 S.W.3d at 96. We, therefore, agree with the court of appeals that to this extent *Black* is no longer binding precedent. *See Schmutz*, 2013 WL 1188994, at *3 (citing *Blankenship*, 170 S.W.3d at 682–83).

Suggesting that this Court intended for venue error to continue to warrant automatic reversal without any harm analysis, appellant cites to *Jones*, which was decided after this Court's decision in *Cain* and after the amendment to the rules of appellate procedure. In

*Jones*, the defendant in that case was convicted for theft by receiving, and this Court reversed his conviction based on venue error without conducting a harm analysis. *Jones*, 979 S.W.2d at 653, 659. *Jones* made no mention of *Black*, *Cain*, or any appellate rules and did not consider whether venue error was structural or harmless error. *Id*. at 659. In the absence of any analysis as to why it was not applying a harm standard, we are unpersuaded that this Court intended for *Jones* to stand for the proposition that venue error would be reversible without a harm analysis. *Id*. The procedural posture of *Jones* provides a further explanation for this Court's decision. Jones's offense and the court of appeals's decision all occurred by April 30, 1997, before both the effective date of the 1997 amendment to the Texas Rules of Appellate Procedure and our decision in *Cain*. *See Jones v. State*, 945 S.W.2d 852 (Tex. App.—Waco 1997); *Cain*, 947 S.W.2d at 262; 60 Tex. B. J. 876 (1997) (1997 amendments to Rules of Appellate Procedure effective September 1, 1997). We are unpersuaded that *Jones* undermines this Court's holding in *Cain* and its progeny and the rules of appellate procedure, as amended.[6]

## III. The State's Failure to Prove Venue In This Case Was Harmless Error

---

[6] In Texas, the Legislature requires reversal of civil cases for venue error. *See* TEX. PRAC. & REM. CODE ANN. § 15.064(b). Section 15.064(b) states, "On appeal from the trial on the merits, if venue was improper it shall in no event be harmless error and shall be reversible error. In determining whether venue was or was not proper, the appellate court shall consider the entire record, including the trial on the merits." *Id*. As our sister court, the Supreme Court of Texas, has explained, "The procedure [of automatic reversal of venue error on appeal is] mandated by this statute" and "there is no misunderstanding its plain language: an appellate court is obliged to conduct an independent review of the entire record to determine whether venue was proper." *Ruiz v. Conoco, Inc.*, 868 S.W.2d 752, 757–58 (Tex. 1993). No such statute exists for criminal cases.

Having determined that the failure to prove venue does not implicate a federal constitutional right, we review the court of appeals's application of Rule 44.2(b) of the Texas Rules of Appellate Procedure to determine whether appellant was harmed by the State's failure to prove the venue theory it alleged in this case. In his second ground, appellant contends that the court of appeals erred in holding that the venue error did not affect his substantial rights. *See Schmutz*, 2013 WL 1188994, at *3. The court held that the venue error was harmless because (1) there was no record evidence that the trial in Titus County was the result of forum shopping or that it particularly inconvenienced or misled appellant, prevented him from presenting a defense, deprived him of a fair judge or jury, or would encourage the State to repeat this type of error in the future; (2) venue was actually proper based on the prerequisites of Article 13.09 of the Texas Code of Criminal Procedure because the evidence conclusively showed that property was removed from Titus County; and (3) the prosecutor's closing argument did not so emphasize the error as to constitute harm. *Id*.

**A. For Harm, Venue Error Must Affect Appellant's Substantial Rights**

Under Texas Rule of Appellate Procedure 44.2(b), a non-constitutional error "that does not affect substantial rights must be disregarded." TEX. R. APP. P. 44.2(b). A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict. *See Motilla v. State*, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002). In assessing the likelihood that the jury's decision was adversely affected by the error, an appellate court considers everything in the record. *Id*. This includes testimony, physical

evidence, jury instructions, the State's theories and any defensive theories, closing arguments, and voir dire, if applicable. *Bagheri v. State*, 119 S.W.3d 755, 763 (Tex. Crim. App. 2003). Important factors include the nature of the evidence supporting the verdict, the character of the alleged error and how it might be considered in connection with other evidence in the case, and may include whether the State emphasized the error and whether overwhelming evidence of guilt was present. *Id*.

Included within the factors in its harm analysis, the court of appeals considered whether finding the error harmless would "encourage the State to repeat the error." *Schmutz*, 2013 WL 1188994, at *3. We note that this is no longer a proper consideration when conducting a harm analysis under Rule 44.2(b). *See Snowden v. State*, 353 S.W.3d 815, 818 n.9, 820 (Tex. Crim. App. 2011); *Mason v. State*, 322 S.W.3d 251, 258 n.10 (Tex. Crim. App. 2010) (rejecting use of repeat-error factor in 44.2(b) analysis from *Harris v. State*, 790 S.W.2d 568, 587–88 (Tex. Crim. App. 1989)). We, therefore, exclude that consideration, but otherwise examine the record as a whole to assess whether appellant was actually harmed by the error. *See Mason*, 322 S.W.3d at 258 n.10; *Motilla*, 78 S.W.3d at 355.

## B. The Venue Error Did Not Affect Appellant's Substantial Rights

Appellant contends that the venue error caused him harm because (1) he was inconvenienced by the venue's location being "more than 200 miles from his home"; (2) the Titus County jury pool was biased or partial because its members "lived in the shadow of" Priefert and "were well aware of" its status as a major local employer; and (3) the venue's

status as Priefert's headquarters was its "only apparent connection" to the offense and under Article 13.09, venue would not be proper in Titus County. Reviewing each of appellant's challenges to the court of appeals's harm analysis, we agree with the appellate court that the venue error was harmless.

Appellant cites the venue's 200-mile traveling distance from his home as an inconvenience. *See Schmutz*, 2013 WL 1188994, at *1. Trial testimony, however, indicated that appellant had traveled to Titus County to sign the operating agreement with Priefert and meet with its corporate officers in 2003, and that he had traveled there to pick up Priefert inventory "a lot of times." The venue of the trial, therefore, was one to which the parties regularly traveled to conduct their mutual business and did not harm appellant. *Thompson*, 244 S.W.3d at 365–66 (trial in county adjacent to that in which Thompson lived and offense occurred not harmful).

Appellant also suggests that the location of the trial resulted in a jury biased in favor of Priefert. The record on voir dire does not support this claim. *See Bell v. State*, 938 S.W.2d 35, 46 (Tex. Crim. App. 1996) (discussing voir dire's utility for detecting "community climate"). The record shows that both parties questioned the venire extensively about their pretrial knowledge of the case and their connection to Priefert, and its personnel. Several prospective jurors indicated past or current employment or personal relationships with Priefert and they were eliminated from the jury for cause. We conclude, therefore, that the court correctly found no evidence of partiality by the jury or judge. *See Schmutz*, 2013

WL 1188994, at *3.

We also agree with the appellate court's observation that venue would "likely" have been proper in Titus County under Article 13.09 as the county from which Priefert's secured property was "removed." *Id*. at *3. Appellant argues to the contrary that venue was not proper in Titus County under any of Article 13.09's three potential venues because the terms of a specific-venue statute should be read "in light of the terms of the penal statute to which it applies," which in this case is the statute for hindering a secured creditor, Texas Penal Code Section 32.33. *See* TEX. PENAL CODE ANN. § 32.33 (West 2012); *Wooten v. State*, 331 S.W.2d 22, 24 (Tex. App.—Amarillo 2010, pet. ref'd) (noting Article 13.09 provides three potential venues). Particularly, appellant contends that the statute for hindering secured creditors in Section 32.33 includes a definition of "remove," which "means transport, without the effective consent of the secured party, from the state in which the property was located when the security interest or lien attached." TEX. PENAL CODE ANN. § 32.33(a)(1). He argues that this definition should apply to the otherwise undefined word "removed" in Article 13.09, which provides for venue "in the county from which [secured property] was removed," among other places. *See id*.; TEX. CODE CRIM. PROC. art. 13.09. We agree with the court of appeals's conclusion that the term "removed" as it is used in Article 13.09 should be interpreted in accordance with its plain meaning, which is to "change the location, position, station, or residence of." WEBSTER'S NEW COLLEGIATE DICTIONARY 997 (9th ed., 1988); *see Schmutz*, 2013 WL 1188994, at *2 n.7; *Boykin v. State*, 818 S.W.2d 782, 785

(Tex. Crim. App. 1991) (where meaning of statute should have been plain to enacting Legislature, "we ordinarily give effect to that plain meaning" unless literal application would produce absurd results). This approach is supported by the fact that Penal Code Section 32.33 expressly restricts its definition of "remove" to "for purposes of this section." TEX. PENAL CODE ANN. § 32.33(a). Furthermore, our interpretation conforms to our understanding that special venue statutes, as a general matter, exist to "expand the number of counties in which an offense may be prosecuted" rather than restricting them. *Soliz v. State*, 97 S.W.3d 137, 141 (Tex. Crim. App. 2003); *see Murphy v. State*, 112 S.W.3d 592, 604 (Tex. Crim. App. 2003) (noting some specific venue statutes apply by virtue of facts, while others "expressly apply to identifiable penal offenses"). We, therefore, conclude that the special venue statute at issue in this case is not so limited in scope as appellant suggests.

In considering the totality of the record, we note that we also agree with the court of appeals's analysis that the State's closing argument concerning venue did not harm appellant. In closing, appellant's counsel reiterated the lack of any evidentiary support for proper venue and emphasized that, given this evidentiary failure, "I think you can infer why we're here. . . . Where is Priefert Manufacturing located? Who knows Priefert Manufacturing Company? The citizens of Titus County. Mr. Bill Priefert, born and raised here." In his closing argument, the prosecutor responded,

> Titus County, okay? We're not in Titus County because Priefert is in Titus County. We're in Titus County because Priefert Manufacturing is in Titus County, and Priefert Manufacturing manufactured the property, and the property was shipped from Titus County. And so the venue statute says that

where the property is sent from, so that's where we get it.

Appellant immediately objected, and the trial court instructed the jury to "be bound by your own recollection of what you heard[,] the evidence and your own recollection."  Although the State's closing argument erroneously told the jury that venue was permissible in Titus County because the property was sent from there, a matter not included in the jury instructions, we cannot conclude that this argument harmed appellant in light of this record that includes evidence that appellant agreed to conduct business in Titus County, often traveled to Titus County to accept the property that is the basis for his conviction, and traveled to Titus County for meetings related to this business with Priefert.

## IV.  Conclusion

We hold that the venue error was harmless under the non-constitutional error standard described in article 44.2(b) of the Texas Rules of Appellate Procedure.  We, therefore, affirm the judgment of the court of appeals.

Delivered: January 29, 2014

Publish