

# COURT OF APPEALS

## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-13-00240-CR
### NO. 02-13-00241-CR

GERRY DON RUDOLPH                                                        APPELLANT

V.

THE STATE OF TEXAS                                                              STATE

----------

### FROM THE COUNTY COURT OF YOUNG COUNTY
### TRIAL COURT NOS. 35479, 35480

----------

## MEMORANDUM OPINION[1]

----------

## I. INTRODUCTION

A jury convicted Appellant Gerry Don Rudolph of one count of assault causing bodily injury and one count of deadly conduct. *See* Tex. Penal Code Ann. § 22.01(a)(1) (West Supp. 2013), § 22.05(a), (e) (West 2011). In both

---

[1]*See* Tex. R. App. P. 47.4.

cases, the trial court sentenced Rudolph to 180 days' confinement, probated for eighteen months; assessed a $1,000 fine; and ordered that the sentences run concurrently. In two issues, Rudolph argues that the evidence is insufficient to prove venue and to sustain his assault causing bodily injury conviction. We will affirm.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Chelsea Johnson was living with Rudolph's ex-girlfriend, Laura Benton, at Benton's house in Graham, Texas. Rudolph went to the house to pick up his and Benton's children for the weekend. Rudolph did not like Johnson or her relationship with Benton, so when he arrived, Benton warned him that Johnson was in the bathroom taking a shower. Rudolph responded that as long as Johnson did not talk to him, he would not talk to her.

After about five or ten minutes, Rudolph and Benton began arguing. Benton told Johnson to come out of the bathroom so that they could leave the house. Rudolph followed the women outside and told Johnson that he was going to hit her. He charged at Johnson and punched her in the mouth with his fist, causing Johnson's lip to bleed. Johnson ran to Benton's car, got in, and locked the door. Benton eventually joined Johnson in the car.

The two women drove to Johnson's mother's house and called the police. Then, they returned to Benton's house with Johnson's mother and brother-in-law, and Rudolph came outside and pointed a gun toward Johnson and her mother.

2

The women and Johnson's brother-in-law began driving away, and as they were leaving, a Graham police officer arrived.

### III. ANY VENUE ERROR WAS HARMLESS

In his first issue, Rudolph argues that the trial court erred by denying his motion for directed verdict in both cases because there is insufficient evidence to prove venue. He argues that there is no evidence that Benton's house located at 922 Kentucky Street is in Young County.

As a general rule, "[i]f venue is not specifically stated, the proper county for the prosecution of offenses is that in which the offense was committed." Tex. Code Crim. Proc. Ann. art. 13.18 (West 2005). To sustain an allegation of venue, it shall only be necessary to prove by a preponderance of the evidence that by reason of the facts in the case, the county where such prosecution is carried on has venue. *See id.* art. 13.17 (West 2005). Because venue is not an element of the offense, the failure to prove venue does not implicate sufficiency of the evidence, nor does it require acquittal under *Jackson*. *Schmutz v. State*, No. PD-0530-13, 2014 WL 300810, at *4 (Tex. Crim. App. Jan. 29, 2014) (referencing *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979)). Moreover, venue error is non-constitutional and is subject to a harm analysis under Texas Rule of Appellate Procedure 44.2(b). *Id.* at *5.

In this case, Benton testified that she lived at 922 Kentucky Street in Graham, Texas. She and Johnson both testified that the events with Rudolph took place at Benton's house. Sergeant Terry Vanlandingham with the Graham

3

Police Department testified that he responded to the scene at 922 Kentucky Street.  Although no witness testified specifically that Benton's residence was in Young County, the evidence at trial established that the offenses occurred in Graham, Texas.

To the extent, if any, that this evidence does not prove by a preponderance that by reason of these facts the county where the prosecution is carried on—that being Young County—had venue, we conduct a non-constitutional harm analysis.  *See id.*  Non-constitutional error that does not affect substantial rights must be disregarded.  Tex. R. App. P. 44.2(b).  A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict.  *Schmutz*, 2014 WL 300810, at *8.  In assessing the likelihood that the jury's decision was adversely affected by the error, we consider everything in the record.  *Id.*  Reviewing everything in the record—testimony, physical evidence, jury instructions, the State's theories and any defensive theories, and closing arguments, we hold that the venue error, if any, in this case was harmless.  *See id.*

We overrule Rudolph's first issue.

### IV. SUFFICIENCY OF THE EVIDENCE OF BODILY INJURY

In his second issue, Rudolph argues that the evidence is insufficient to prove that he caused bodily injury to Johnson as required to sustain his assault causing bodily injury conviction.

In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Winfrey v. State*, 393 S.W.3d 763, 768 (Tex. Crim. App. 2013). This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Blackman v. State*, 350 S.W.3d 588, 595 (Tex. Crim. App. 2011).

The trier of fact is the sole judge of the weight and credibility of the evidence. *See* Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979); *Winfrey*, 393 S.W.3d at 768. Thus, when performing an evidentiary sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the factfinder. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). Instead, we determine whether the necessary inferences are reasonable based upon the cumulative force of the evidence when viewed in the light most favorable to the verdict. *Sorrells v. State*, 343 S.W.3d 152, 155 (Tex. Crim. App. 2011); *see Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013). We must presume that the factfinder resolved any conflicting inferences in favor of the verdict and defer to that resolution. *Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793; *Temple*, 390 S.W.3d at 360.

5

A person commits an offense if he "intentionally, knowingly, or recklessly causes bodily injury to another." Tex. Penal Code Ann. § 22.01(a)(1). Bodily injury is defined as "physical pain, illness, or any impairment of physical condition." *Id.* § 1.07(a)(8) (West Supp. 2013).

Here, Benton and Sergeant Vanlandingham both testified that Johnson had a "busted lip" after Rudolph punched her. Sergeant Vanlandingham explained that Johnson's lip was swollen and had been bleeding and that the injury was consistent with someone who had been punched. Four photographs of Johnson's injuries were introduced into evidence as State's Exhibits 1 through 4.

Johnson testified that Rudolph hit her tooth, which punctured her lip and caused her to bleed. When asked if the punch caused her physical pain, Johnson responded, "Not really. It just started bleeding. I didn't really feel anything. I was kind of numb." The prosecutor then asked, "He hit you pretty hard then?" She agreed.

Rudolph focuses on Johnson's testimony that she did not feel physical pain when he punched her, but the jury could have reasonably inferred that Johnson was referring to her immediate reaction to being punched in the face rather than a blanket statement that her swollen, split open lip never caused her any physical pain. *See Sorrells*, 343 S.W.3d at 155. The jury could have reasonably inferred that Johnson's swollen, split open lip would have caused her physical pain after the shock and "numb[ness]" of the events wore off. *See*

6

*Garcia v. State*, 367 S.W.3d 683, 688 (Tex. Crim. App. 2012) ("A fact finder may infer that a victim actually felt or suffered physical pain because people of common intelligence understand pain and some of the natural causes of it.").

Viewing the evidence in the light most favorable to the prosecution, we hold that the above evidence was sufficient to prove that Rudolph intentionally caused bodily injury to Johnson. *See* Tex. Penal Code Ann. §§ 1.07(a)(8), 22.01(a)(1); *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Winfrey*, 393 S.W.3d at 768. We overrule Rudolph's second issue.

## V. CONCLUSION

Having overruled Rudolph's two issues, we affirm the trial court's judgment.

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL: DAUPHINOT, GARDNER, and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: July 24, 2014