PD-0765&0766-15

CAUSE NUMBER _____

---

**IN THE COURT OF CRIMINAL APPEALS
FOR THE STATE OF TEXAS**

---

**THOMAS LLOYD TAUNTON
PETITIONER**

**v.**

**THE STATE OF TEXAS**

---

PETITON IN TRIAL COURT CAUSE NUMBERS CR-12-24098, CR-13-24755 FROM THE 336TH JUDICIAL DISTRICT COURT OF FANNIN COUNTY, TEXAS AND THE COURT OF APPEALS FOR THE SIXTH COURT OF APPEALS IN TEXARAKANA, TEXAS

CASE NUMBERS 06-14-00159-CR AND No. 06-14-00160-CR

---

**PETITION FOR DISCRETIONARY REVIEW**

RECEIVED IN
COURT OF CRIMINAL APPEALS

June 25, 2015

ABEL ACOSTA, CLERK

**STEVEN R. MIEARS**
State Bar No. 14025600
211 North Main
Bonham, Texas 75418
Tel: 903-640-4963
Fax: 903-640-4964
Email: SteveMiears@msn.com

1 | P a g e

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................ 2

INDEX OF AUTHORITIES.......................................................................3

STATEMENT REGARDING ORAL ARGUMENT......................................................4

STATEMENT OF THE CASE.......................................................................4

STATEMENT OF PROCEDURAL HISTORY............................................................4

GROUND FOR REVIEW.......................................................................... .4

The Court of Appeals erred in limiting its analysis of whether the federal constitutional error was harmless beyond a reasonable doubt to a focus on the weight of the evidence of Petitioner's guilt.

ARGUMENT...........................................................................................5

PRAYER FOR RELIEF.................................................................................7

APPENDIX (Copies of Opinions from Court of Appeals)

CERTIFICATE OF SERVICE.......... ................................................................7

# INDEX OF AUTHORITIES

**Statutes, Codes, Constitutional Provisions, and Rules**

**Cases**

*Bell v. State,* 415 S.W.3d 278, 280 (Tex. Crim. App. 2013). p. 5

*Clay v. State,* 240 S.W.3d 895, 904 (Tex. Crim. App. 2007). p.5

*Davis v. State,* 203 S.W.3d 845 (Tex. Crim. App. 2006). p. 5

*Harris v. State,* 790 S.W.2d 568 (Tex. Crim. App. 1990). p.5

*Schmutz v. State,* 440 S.W.3d 29, 39 (Tex. Crim. App. 2014). p.5

*Snowden v. State,* 353 S.W.3d 815 (Tex. Crim. App. 2011). pp. 4- 5

*Taunton v. State,* 2015 Tex. App. LEXIS 6234 (Tex. App. Texarkana June 19,   2015). p.5

*Taunton v. State,* 2015 Tex. App. LEXIS 6233 (Tex. App. Texarkana June 19, 2015). p. 4.

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument is waived.

## STATEMENT OF THE CASE

This petition relates to two cases joined for trial and appeal. Petitioner was convicted by a jury of capital murder and murder. He was sentenced to life without parole for the capital murder, and life in prison for the murder. There are two opinions from the Court of Appeals. *Taunton v. State,* 2015 Tex. App. LEXIS 6233 (Tex. App. Texarkana June 19, 2015) [murder] and *Taunton v. State,* 2015 Tex. App. LEXIS 6234 (Tex. App. Texarkana June 19, 2015) [capital murder]. The opinion in the capital murder case discusses the single issue raised on appeal in both cases. This Petition relates to both cases as the issue is the same.

## STATEMENT OF PROCEDURAL HISTORY

The opinions of the Court of Appeals were handed down on June 19, 2915. No motions for rehearing were filed.

## GROUNDS FOR REVIEW

The Court of Appeals erred in limiting its analysis of whether the federal constitutional error was harmless beyond a reasonable doubt to a focus on the weight of the evidence of Petitioner's guilt.

## ARGUMENT

The Court of Appeals improperly limited its analysis of whether the constitutional error was harmless. Review should be granted. In *Snowden v. State,* 353 S.W.3d 815 (Tex. Crim. App. 2011) this Court advised how to assess whether federal constitutional error was harmless beyond a reasonable doubt. *Snowden* is never cited by the Court of Appeals. Instead, the Court of Appeals cited the factors in *Clay v. State,* 240 S.W.3d 895, 904 (Tex. Crim. App. 2007), and it cited to *Davis v. State,* 203 S.W.3d 845 (Tex. Crim. App. 2006). *See Taunton v. State,* 2015 Tex. App. LEXIS 6234, p. 17 (Tex. App. Texarkana June 19, 2015).

In *Snowden*, this Court emphasized that the factors earlier set forth in *Harris v. State,* 790 S.W.2d 568 (Tex. Crim. App. 1990) were not to be the exclusive considerations. And, the Court modified the *Harris* factors to include "the nature of the error, whether it was emphasized by the State, the probable implications of the error, and the weight the jury would likely have assigned to it in its deliberations." *See Bell v. State,* 415 S.W.3d 278, 280 (Tex. Crim. App. 2013). And, as this Court said in

*Snowden*, there are many other considerations which may logically inform a proper harm analysis in a case. Any circumstance apparent in the record should be considered. *Schmutz v. State,* 440 S.W.3d 29, 39 (Tex. Crim. App. 2014).

The Court of Appeals erred by focusing its analysis on what it considered the overwhelming evidence of guilt. This Court has rejected that approach. A constitutional error may not be deemed harmless simply because the reviewing court is confident that the result the jury reached was correct. This Court has emphasized that Rule 81(b)(2) requires reviewing courts to focus, not upon the perceived accuracy of the conviction, but upon the error itself in the trial. *Snowden v. State,* 353 S.W.3d 815, 818-819 (Tex. Crim. App. 2011).

Among the factors to be reviewed include "the probable implications of the error." *Snowden, id.* at 822. Included within these implications are trial choices that only the Defendant can make. Here, after the trial court denied the motion to suppress, the Petitioner absented himself from the trial, and only returned to testify. (RR Vol. 4 p. 8.) (RR Vol. 7 p. 5.) The Court of Appeals failed to consider how the constitutional error may have affected his choices on these decisions that involve fundamental rights.

By focusing on the weight of the evidence supporting guilt the Court of Appeals erred.

## PRAYER FOR RELIEF

This Court should grant review. After review, the Court should remand the case back to the Court of Appeals for an analysis for harm.

## APPENDIX

Copies of the two opinions of the Court of Appeals are attached.

RESPECTFULLY SUMITTED,

**Steven R. Miears**
211 North Main
Bonham, Texas 75418
stevemiears@msn.com
Tel. 903-640-4963
Fax: 903-640-4964
State Bar Card No. 14025600

Attorney for Appellant

## Certificate of Service

This is to certify that a true and correct copy of the above and foregoing Appellant's Brief on Appeal was hand-delivered to Richard E. Glaser, Fannin County Criminal District Attorney; 101 East Sam Rayburn Drive; Bonham, Texas 75418; on February 12, 2015; and to the State Prosecuting Attorney, LISA C.

McMINN, P.O. Box 13046, Capitol Station, Austin, Texas 78711, and that a copy was mailed to the Appellant, Thomas Lloyd Taunton.

_____

Steven R. Miears