**DISMISS; Opinion Filed April 25, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00147-CR
### No. 05-15-00148-CR

**ROBERT EARL MARZETT, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Court at Law No. 1**
**Collin County, Texas**
**Trial Court Cause Nos. 001-83796-2014 & 001-83797-2014**

## MEMORANDUM OPINION

Before Justices Fillmore, Myers, and Whitehill
Opinion by Justice Myers

Appellant Robert Earl Marzett was convicted in the City of Frisco municipal court of the traffic offenses of expired or no license plate (motorcycle)[1] and failure to display registration insignia.[2]  *See* TEX. TRANSP. CODE ANN. §§ 504.943 & 502.473.  He appealed both cases to the Collin County Court at Law No. 1.  Following a de novo trial before the court, appellant was again convicted of both offenses.  The trial court assessed a $99 fine in each cause.  Appellant appeals the judgments of the Collin County Court at Law No. 1.

Representing himself, appellant has filed a pro se brief in each case raising eighteen points of error.  The State has responded with a brief in which it argues, in part, that we lack

---

[1] Appellate cause number 05-15-00147-CR; trial court cause number 001-83797-2014.

[2] Appellate cause number 05-15-00148-CR; trial court cause number 001-83796-2014.

jurisdiction over the appeal.  Appellant's points of error are as follows:

Issue I. [The Officer] Did Not Have "Reasonable Suspicion" To Conduct A Warrantless Seizure of Appellant.

Issue II. The trial JUDGE erred as matter of law, when she refused to disqualify herself.

Issue III. The COURT erred as a matter of law in applying the TC [Transportation Code] as the choice of law.

Issue IV. The TC "as applied" to appellant's private property and activities, violated the Texas Constitution, Art. III., §35.

Issue V. Appellant committed no act within the territorial jurisdiction of the TC.

Issue VI. The COUNTY COURT lacked subject matter jurisdiction of this case.

Issue VII. The COURT lacked personal jurisdiction of Appellant.

Issue VIII. The CLERK had no standing to act as affiant on a charging instrument.

Issue IX. The charging instrument was insufficient to give appellant constitutional notice of the cause and nature of the accusation against him.

Issue X. The COURT erred as a matter of law in finding the charging instrument substantively sufficient to allege an offense.

Issue XL. The TC "as applied" to appellant violated U.S. Constitution, Sixth Amendment.

Issue XII. The Subject Matter of the TC is unconstitutionally vague.

Issue XIII. [The Officer's] testimony should have been limited.

Issue XIV. The CLERK's affidavit is defective as a charging instrument.

Issue XV. [The Officer's] unsworn report cannot support an Information.

Issue XVI. Appellant's request for judicial notice of adjudicative facts should have been granted.

Issue XVII. The COURT erred as a matter of law and abused its discretion when it refused to strike the testimony of [the Officer].

Issue XVIII. The COURT erred as a matter of law when it found the evidence sufficient to support conviction.

It is a well-established principle of law that if a case arising in the justice or municipal

courts is appealed to the county court, county criminal court, or county court at law, and the fine imposed by that court does not exceed $100, we have no jurisdiction "unless the sole issue is the constitutionality of the statute or ordinance on which the conviction is based." TEX. CODE CRIM. PROC. ANN. art. 4.03; *Montpas v. State*, 997 S.W.2d 650, 651 (Tex. App.—Dallas 1999, no pet.) (quoting article 4.03); *Cooper v. State*, No. No. 05–10–01004–CR, 2012 WL 3631237, at *2 (Tex. App.—Dallas Aug. 24, 2012, pet. ref'd) (mem. op., not designated for publication) (no jurisdiction to address challenges to complaint or the record because those claims not based on constitutionality of ordinance under which appellant was convicted); *Vanhooser v. State*, No. 05–09–00243–CR, 2010 WL 2674644, at *1 (Tex. App.—Dallas July 6, 2010, pet. ref'd) (not designated for publication) (issues concerning the application of Article XVI, § 1 of the Texas Constitution do not concern constitutionality of the statute of conviction); *Florance v. State*, No. 05–08–00707–CR, 2009 WL 1267350, at *4 (Tex. App.—Dallas May 8, 2009, pet. ref'd) (not designated for publication) (no jurisdiction to review issues challenging constitutionality of statutes and rules other than statute that appellant was convicted of violating).

The record in this case shows appellant appealed his convictions by the Frisco Municipal Court to the Collin County Court at Law No. 1, where he was convicted in each case in a trial de novo and fined less than $100. Issues 1-3, 5-10, and 13-18 in appellant's briefs do not challenge the constitutionality of any statute or ordinance on which appellant's convictions were based. Accordingly, we do not have jurisdiction to consider those issues.

As for issues four, eleven, and twelve, there is a reference in each of those issues to a constitutional challenge involving the Transportation Code, but there is no actual constitutional challenge to sections 502.473 and 504.943—the statutes of conviction. In Issue twelve, for instance, appellant appears to complain about the Transportation Code as a whole, where he finds words like "transportation" and "travel" unconstitutionally vague. Those terms, however,

are not found in the statutes he was convicted of violating or the applicable definitions of such statutory terms as "motor vehicle," "motor cycle," and "public highway." *See* TEX. TRANSP. CODE ANN. §§ 502.001(24), (25), (35), 502.473, 504.943. In Issue eleven, appellant argues that the term "state," as used in the Transportation Code, violated the "vicinage" or venue clause of the Sixth Amendment. It provides that in criminal prosecutions, "the accused shall enjoy the right to a speedy and public trial by an impartial jury of the state and district wherein the crime shall have been committed, which district shall have previously been ascertained by law. . . ." U.S. CONST. amend. VI; *Schmutz v. State*, 440 S.W.3d 29, 35 (Tex. Crim. App. 2014) (quoting U.S. CONST. amend VI). However, the Texas Court of Criminal Appeals has held that the federal venue clause is inapplicable in Texas state courts. *See Schmutz*, 440 S.W.3d at 36. Furthermore, appellant does not point to anything in sections 502.473 or 504.943 that is, in fact, unconstitutional. It is not these particular statutes that appellant is asserting are unconstitutional —it is the way in which the word "state" is used in the code and the consequences he believes follow from that usage. Appellant also alleges an "as applied" constitutional challenge to the Transportation Code in issue four, but we again note that he does not allege anything about sections 502.473 or 504.943 that is unconstitutional. His argument that applying the Transportation Code to his conduct violated Article III, section 35(a) of the Texas Constitution, which prohibits bills from containing more than one subject, *see* TEX. CONST. art. III, § 35(a) ("No bill, (except general appropriation bills, which may embrace the various subjects and accounts, for and on account of which moneys are appropriated) shall contain more than one subject."), is not a challenge to the particular statues of conviction. Additionally, appellant does not assert that his conduct, while prohibited under sections 502.473 or 504.943, is constitutionally protected or even impacted by the single-subject rule of the Texas Constitution.

Having therefore determined that we lack jurisdiction over the issues appellant is raising,

–4–

we dismiss this appeal for want of jurisdiction.


/Lana Myers/
LANA MYERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
150147F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ROBERT EARL MARZETT, Appellant

No. 05-15-00147-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law No. 1, Collin County, Texas

Trial Court Cause No. 001-83797-2014.

Opinion delivered by Justice Myers. Justices Fillmore and Whitehill participating.

Based on the Court's opinion of this date, this appeal is **DISMISSED** for want of jurisdiction.

Judgment entered this 25th day of April, 2016.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ROBERT EARL MARZETT, Appellant

No. 05-15-00148-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law No. 1, Collin County, Texas
Trial Court Cause No. 001-83796-2014.
Opinion delivered by Justice Myers. Justices Fillmore and Whitehill participating.

Based on the Court's opinion of this date, this appeal is **DISMISSED** for want of jurisdiction.

Judgment entered this 25th day of April, 2016.