

# IN THE
# TENTH COURT OF APPEALS

## No. 10-22-00112-CR

**RICHARD LYNN PHILLIPS JR.,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 40th District Court
### Ellis County, Texas
### Trial Court No. 45892CR

## MEMORANDUM OPINION

In one issue, appellant, Richard Lynn Phillips Jr., challenges his conviction for continuous sexual abuse of a young child. *See* TEX. PENAL CODE ANN. § 21.02. Specifically, Phillips contends that the trial court abused its discretion by admitting evidence of Phillips's illegal drug use over his objection. We affirm.

## Analysis

Assuming, without deciding, that the trial court erred by admitting evidence of Phillips's illegal drug use, such admission was harmless. Because admission of evidence is subject to non-constitutional error analysis, we evaluate whether Phillips's substantial rights were affected. TEX. R. APP. P. 44.2(b). "A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict." *Schmutz v. State*, 440 S.W.3d 29, 39 (Tex. Crim. App. 2014). A criminal conviction should not be overturned for non-constitutional error if, after examining the record as a whole, this Court has fair assurance that the error did not influence the jury, or merely had a slight effect. *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998). In this analysis, we consider "everything in the record, including any testimony or physical evidence admitted for the jury's consideration, the nature of the evidence supporting the verdict, the character of the alleged error and how it might be considered in connection with other evidence in the case." *Morales v. State*, 32 S.W.3d 862, 867 (Tex. Crim. App. 2000); *see Schmutz*, 440 S.W.3d at 39 ("In assessing the likelihood that the jury's decision was adversely affected by the error, an appellate court considers everything in the record. This includes testimony, physical evidence, jury instructions, the State's theories and any defensive theories, closing arguments, and voir dire, if applicable." (citing *Motilla v. State*, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002))).

Considering the record in its entirety, we hold that the trial court's admission of the child's testimony regarding Phillips's illegal drug use did not have a substantial and injurious effect or influence on the jury's verdict. Phillips's drug use was briefly discussed during the testimony of one of the child victims, A.M., when she described a single instance of Phillips putting crystals in a clear pipe and smoking it to help bone pain when he was cold. The State did not emphasize Phillips's drug use in its opening statement or closing argument.

Unrelated to the admission of evidence suggesting Phillips's drug use, the record consists of overwhelming evidence to support Phillips's conviction. A.M. testified to multiple instances of Phillips touching and licking her and R.G.'s genitals and forcing the two children to touch and lick his penis. Another child victim, R.G., also testified about Phillips's inappropriate touching and kissing. The testimony of these child victims alone is sufficient to support Phillips's conviction for continuous sexual abuse of a young child. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07(a); *Garner v. State*, 523 S.W.3d 266, 271 (Tex. App.—Dallas 2017, no pet.).

Additionally, two forensic examiners conducted forensic interviews of the girls. A.M. recounted multiple sexual abuse acts and identified Phillips as the abuser. Another witness testified to finding an undressed Phillips and A.M. in bed together. Police also seized Phillips's cell phone and discovered numerous images and videos of child pornography.

Furthermore, the jury charge included the following limiting instructions:

You are instructed that if there is any testimony before you in this case regarding the defendant having committed crimes, wrong, or bad acts other than the offense alleged against him in the indictment in this case, you cannot consider said testimony for any purpose unless you find and believe beyond a reasonable doubt that the defendant committed such other crimes, wrongs, or bad acts, if any were committed.

If you find that there is evidence in this case of the defendant having committed other crimes, wrongs, or acts against the children who are victims of the alleged offenses, and if you believe beyond a reasonable doubt that such crimes, wrongs, or acts were committed, then you can consider that evidence for any bearing such evidence may have on relevant matters, including the state of mind of the defendant and the children, and/or the previous and subsequent relationship between the defendant and the children.

If you find beyond a reasonable doubt that the defendant committed any other crimes, wrongs, or bad acts, other than those committed against the children who are the victims of the alleged offenses, then you may consider same for the following purpose and for no other purpose: in proving motive, opportunity, intent, identity, absence of mistake, knowledge, lack of accident, or credibility.

*See* TEX. CODE CRIM. PROC. ANN. art. 38.37, § 1(b); *see also* TEX. R. EVID. 404(b).

Also at trial, Joe Fitzgerald, a deputy with the Ellis County Sheriff's Office, testified that he and other officers executed two warrants for Phillips's arrest and that among the items found on Phillips's person was "a glass pipe used for smoking narcotics." Phillips did not object to this testimony, nor did he object when the State presented photographic evidence of the glass pipe. Rather, Phillips admitted in his testimony that the glass pipe was his "meth pipe."

Any error in the admission of A.M.'s testimony about Phillips's drug use was cured because Phillips did not object to Deputy Fitzgerald's testimony about seizing "a glass pipe used for smoking narcotics" and the State's photograph of Phillips's glass pipe, and because he admitted that the glass pipe was his "meth pipe." *See Lane v. State*, 151 S.W.3d 188, 193 (Tex. Crim. App. 2004) ("'An error [if any] in the admission of evidence is cured where the same evidence comes in elsewhere without objection.'" (quoting *Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998))); *see also Estrada v. State*, 313 S.W.3d 274, 302 n.29 (Tex. Crim. App. 2010) (noting that any error was harmless when "very similar" evidence was admitted without objection); *Valle v. State*, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003) ("In addition, a party must object each time the inadmissible evidence is offered or obtain a running objection.").

After examining the record as a whole, we have fair assurance that the error, if any, did not influence the jury, or merely had a slight effect. *See Schmutz*, 440 S.W.3d at 39; *see also Johnson*, 967 S.W.2d at 417. Thus, we conclude that any error in the admission of the drug evidence was harmless. *See* TEX. R. APP. P. 44.2(b); *see also Schmutz*, 440 S.W.3d at 39; *Johnson*, 967 S.W.2d at 417. We overrule Phillips's sole issue on appeal.

## Conclusion

We affirm the judgment of the trial court.

STEVE SMITH
Justice

Before Chief Justice Gray,
      Justice Johnson,
      and Justice Smith
Affirmed
Opinion delivered and filed March 15, 2023
Do not publish
[CRPM]

