# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-17-00631-CR
## NO. 03-17-00632-CR

**Michael David Holley, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF MILLS COUNTY, 35TH JUDICIAL DISTRICT
### NOS. 3123 & 3177, HONORABLE STEPHEN ELLIS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Michael David Holley guilty of one count of aggravated sexual assault of a child, *see* Tex. Penal Code § 22.021, and 63 counts of possession of child pornography, *see id.* § 43.26(a). The jury assessed punishment at life in prison for the count of aggravated sexual assault and at 10 years' imprisonment for each count of possession of child pornography. The trial court rendered judgments of conviction ordering that Holley's sentences run concurrently. In two appellate issues, Holley contends that the evidence was insufficient to support his convictions for possession of child pornography and that the trial court abused its discretion in admitting evidence of extraneous acts. We will affirm the trial court's judgments of conviction.

## BACKGROUND

At trial, Emily Howard,[1] Holley's granddaughter, testified that Holley showed her images of nude women on a silver computer multiple times when she was around 12 or 13 years old. She also testified that Holley told her, "If you give me a blow job, I'll treat you like an adult, or something along those lines." Emily further testified that, on one occasion, she was riding on a golf cart with Holley when he put his penis in her vagina and she felt "sharp pain shooting through [her] vagina and it hurt really bad." On another occasion, Holley put his penis in her vagina while on a bed.

Emily's mother, K.D.,[2] testified at trial that Holley began showing her pornographic images when she was eight or nine years old. K.D. further testified that Holley later began touching her breasts and vagina and that this touching occurred "probably more than I care to remember." K.D. also testified that, when she was 12 or 13, Holley gave her "an adult pornography book about a woman and her dog and things—sexual things the woman would do to her dog and then have her dog do to her, sexual things."

In addition, M.H., Emily's sister and Holley's granddaughter, testified that Holley commented that her breasts were "nice." M.H. also testified as follows:

> My mom had caught me having sex, and I guess my grandpa [Holley] had found out about it somehow. He came over to my house where he thoroughly whipped me upside down the walls. He held me up against the wall choking me, calling me terrible names: Slut, whore, cunt, all that kind of stuff. And then forcefully removed

---

[1] "Emily Howard" was the pseudonym used at trial for the victim of the aggravated sexual assault.

[2] We use initials to respect the witnesses' privacy.

my underwear and my pants and stuck his fingers up my vagina and said, I have to see if there is any cum up there.

The State also presented testimony that law enforcement authorities executed a search warrant and seized a silver computer from Holley's property. They recovered images from the computer, including the 63 images that were the subjects of the charges of possession of child pornography against Holley. Some of these images were located under the profile name "Mike" and in a folder called "Pictures." Other images were in the computer's unallocated space, indicating, according to a State's witness, that someone had deleted the images. The State also presented testimony that officers recovered web search histories showing that someone using the user name "Mike" searched for "Lolita Hard Core" and "Preteen Lolita," among other things.

Holley was convicted and sentenced, and this appeal followed.

## DISCUSSION

**Sufficiency of the Evidence**

In his first appellate issue, Holley contends that the evidence was insufficient to support his convictions for possession of child pornography.

In evaluating the sufficiency of the evidence supporting a jury's verdict, we view the evidence in the light most favorable to the verdict and ask whether "'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Montgomery v. State*, 369 S.W.3d 188, 192 (Tex. Crim. App. 2012) (quoting *Brooks v. State*, 323 S.W.3d 893, 902 n.19 (Tex. Crim. App. 2010)). We are instructed only to "ensure that the evidence presented supports the jury's verdict and that the state has presented a legally sufficient case of the offense charged." *Id.*

3

"The jury is the sole judge of credibility and weight to be attached to the testimony of witnesses," and if "the record supports conflicting inferences, we presume that the jury resolved the conflicts in favor of the verdict, and we defer to that determination." *Dobbs v. State*, 434 S.W.3d 166, 170 (Tex. Crim. App. 2014). "Circumstantial evidence is as probative as direct evidence in establishing the guilt of the actor, and circumstantial evidence alone may be sufficient to establish guilt." *Id.* "In our sufficiency review we consider all the evidence in the record, whether direct or circumstantial, properly or improperly admitted, or submitted by the prosecution or the defense." *Boguang Li v. State*, No. 03-18-00237-CR, 2018 WL 2423211, at *3 (Tex. App.—Austin May 30, 2018, no pet. h.) (mem. op., not designated for publication) (citing *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007), *Thompson v. State*, 408 S.W.3d 614, 627 (Tex. App.—Austin 2013, no pet.)).

A person commits the offense of possession of child pornography if "(1) the person knowingly or intentionally possesses, or knowingly or intentionally accesses with intent to view, visual material that visually depicts a child younger than 18 years of age at the time the image of the child was made who is engaging in sexual conduct . . . and (2) the person knows that the material depicts the child as described by Subdivision (1)." Tex. Penal Code § 43.26(a). "'Possession' means actual care, custody, control, or management." *Id.* § 1.07(a)(39).

Because the officers did not find the child pornography on Holley's person, the State was required to establish affirmative links between Holley and the contraband. *See Tate v. State*, 500 S.W.3d 410, 413–14 (Tex. Crim. App. 2016) (discussing factors useful in evaluating links to contraband); *Boyd v. State*, No. 03-17-00353-CR, 2018 WL 1278718, at *1 (Tex. App.—Austin Mar. 13, 2018, no pet.) (mem. op., not designated for publication) (same). "For computer-pornography

4

cases, like all criminal cases, a court must assess whether the inferences necessary to establish guilt are reasonable based upon the cumulative force of all the evidence considered in the light most favorable to the verdict." *Wise v. State*, 364 S.W.3d 900, 905 (Tex. Crim. App. 2012).

Here, the jury heard evidence of the following:

- Holley showed Emily pornography on a silver computer.

- Officers recovered a silver computer from Holley's property.

- The silver computer had a profile named "Mike."[3]

- A folder on the computer named "Pictures" contained child pornography.

- Unallocated space on the computer contained child pornography; this suggests that someone deleted those images in the past.

- Someone using the user name "Mike" searched the internet using such terms as "Lolita Hard Core" and "Preteen Lolita."

- Holley showed pornography to both K.D. and Emily when they were children.[4]

- Holley gave K.D. a pornographic book when she was a child.

- Holley touched K.D.'s breasts and vagina when she was a child.[5]

- Holley inserted his fingers into M.H.'s vagina.

- Holley inserted his penis into Emily's vagina on two occasions when she was a child.

---

[3] Holley's son testified that Holley "go[es] by the name Mike."

[4] That is, when they were less than 18 years of age. *See* Tex. Penal Code § 43.26(a)(1).

[5] Holley's wife testified that he had admitted to her that he had "inappropriately touched" K.D. when K.D. was a child.

5

Viewing this evidence in the light most favorable to the verdict, we conclude that a reasonable jury could have concluded beyond a reasonable doubt that Holley possessed child pornography. Although Holley notes that there was evidence that he was not the silver computer's original owner and suggests that someone else could have placed the child pornography on the computer, the jury could have discredited that theory. *See id.* at 905–06. Moreover, the evidence showed that Holley sexually touched and showed pornography to multiple children, suggesting a prurient interest in children. Accordingly, we hold that there was sufficient evidence to support Holley's convictions for possession of child pornography, and we therefore overrule his first appellate issue.

**Extraneous Acts**

In his second appellate issue, Holley contends that the trial court abused its discretion in admitting evidence concerning: (1) the sexual assault of M.H.; (2) the sexual touching of K.D.; and (3) the giving of a book on bestiality to K.D.

"We review the trial court's decision to admit or exclude evidence, as well as its decision as to whether the probative value of evidence was substantially outweighed by the danger of unfair prejudice, under an abuse of discretion standard." *Gonzalez v. State*, 544 S.W.3d 363, 370 (Tex. Crim. App. 2018); *see Robisheaux v. State*, 483 S.W.3d 205, 217 (Tex. App.—Austin 2016, pet. ref'd). "A trial court abuses its discretion when its decision lies outside the zone of reasonable disagreement." *Gonzalez*, 544 S.W.3d at 370. "We may not substitute our own decision for that of the trial court." *Id.* "If the trial court's evidentiary ruling is correct under any applicable theory

of law, it will not be disturbed even if the trial court gave a wrong or insufficient reason for the ruling." *Johnson v. State*, 490 S.W.3d 895, 908 (Tex. Crim. App. 2016).

*Sexual assault of M.H. and sexual touching of K.D.*

Holley argues that the trial court abused its discretion in admitting M.H.'s testimony about the time that he sexually assaulted her by inserting his fingers into her vagina. Holley also argues that the trial court abused its discretion in admitting K.D.'s testimony that Holley touched her breasts and vagina when she was a child. According to Holley, these alleged extraneous acts had little probative value because they occurred years before the offense against Emily and their probative value was outweighed by the danger of unfair prejudice in both the child-pornography and sexual-assault cases against him.

Article 38.37 of the Texas Code of Criminal Procedure provides that, if a defendant is on trial for offenses including aggravated sexual assault of a child and possession of child pornography, evidence that the defendant has committed a separate offense of indecency with a child, sexual assault of a child, or aggravated sexual assault of a child is admissible "for any bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant." Tex. Code Crim. Proc. art. 38.37 § 2(a), (b). We conclude that the trial court did not abuse its discretion in admitting M.H.'s and K.D.'s testimony under article 38.37, because this evidence showed Holley's prurient interest in children and the fact that he was willing to perform sexual acts with his own biological daughter and granddaughter.

7

This evidence was relevant to the State's charges that Holley also sexually assaulted Emily and that he possessed child pornography.[6]

To the extent that Holley preserved an objection to this testimony under Texas Rule of Evidence 403, we also conclude that the trial court did not abuse its discretion in overruling such an objection and concluding that the probative value of this testimony was not outweighed by the risk of unfair prejudice. Under rule 403, we presume that the probative value of relevant evidence exceeds any danger of unfair prejudice, and evidence must be excluded under the rule only when there is a clear disparity between the degree of prejudice of the offered evidence and its probative value. *See Robisheaux*, 483 S.W.3d at 217. Moreover, "all evidence against a defendant is, by its very nature, designed to be prejudicial." *Id.* at 217–18 (cleaned up). M.H.'s and K.D.'s testimony was highly probative and was important for the State's case, especially because there was no direct, non-circumstantial evidence linking Holley to the child pornography and because the prosecution for aggravated sexual assault relied heavily on Emily's testimony. Furthermore, any risk that their testimony was unfairly prejudicial was mitigated by the fact that there was substantial additional testimony concerning serious sexual offenses that Holley allegedly committed. In other words, it was not only M.H.'s and K.D.'s testimony that interjected the topic of deviant sexual behavior into the trial—the entire trial was about Holley's alleged criminal sexual behavior.

---

[6] We also note that M.H.'s and K.D.'s testimony was admissible to show intent, knowledge, absence of mistake, and lack of accident. *See* Tex. R. Evid. 404(b)(2). The fact that Holley sexually abused M.H. and K.D. supports the State's argument that Holley's sexual assault of Emily and possession of child pornography was intentional and that Emily did not misconstrue Holley's actions.

Accordingly, we overrule Holley's second appellate issue as to M.H.'s and K.D.'s testimony concerning extraneous acts.

*Book on bestiality*

Holley further argues that the trial court abused its discretion in admitting evidence that he gave a pornographic book involving bestiality to K.D. when she was a child. Even if this evidence were inadmissible, which we will assume without deciding for purposes of this analysis, we must disregard this presumed error unless it affected Holley's "substantial rights." *See* Tex. R. App. P. 44.2(b). "A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict." *Schmutz v. State*, 440 S.W.3d 29, 39 (Tex. Crim. App. 2014). "Substantial rights are not affected by the erroneous admission of evidence if, after examining the record as a whole, we have fair assurance that the error did not influence the jury, or had but slight effect." *Campbell v. State*, 382 S.W.3d 545, 553 (Tex. App.—Austin 2012, no pet.).

K.D.'s testimony concerning the book was not of central importance to this case. Even if we were to disregard the evidence concerning the book, overwhelming evidence of Holley's guilt remains, including K.D.'s testimony that Holley touched her breasts and vagina on multiple occasions, M.H.'s testimony that Holley inserted his fingers into her vagina, Emily's testimony that he showed her pornography on multiple occasions and inserted his penis into her vagina on two occasions, the fact that the computer containing child pornography was recovered on Holley's property, and the fact that a folder containing child pornography was found under the profile name "Mike." In light of the record as a whole, we cannot conclude that the admission of the evidence concerning the book on bestiality, even if erroneous, "had a substantial and injurious effect or

9

influence in determining the jury's verdict." *Schmutz*, 440 S.W.3d at 39.  Accordingly, we overrule Holley's second appellate issue as to the testimony concerning the book.

## CONCLUSION

Having overruled Holley's appellate issues, we affirm the trial court's judgments of conviction.

_____

Scott K. Field, Justice

Before Chief Justice Rose, Justices Goodwin and Field

Affirmed

Filed:   August 7, 2018

Do Not Publish

10