**Affirmed and Opinion Filed March 1, 2021**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-00784-CR

### ARMANDO LOPEZ, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 194th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1876836-M**

## MEMORANDUM OPINION

Before Justices Schenck, Osborne, and Partida-Kipness
Opinion by Justice Partida-Kipness

Appellant Armando Lopez appeals his conviction for continuous sexual abuse of a child under the age of fourteen. In three issues, Lopez contends he was denied his right to a fair trial under the Sixth and Fourteenth Amendments, the Texas Constitution, and the Texas Code of Criminal Procedure because the trial court permitted an unsworn peace officer to translate portions of Lopez's recorded post-arrest interview in open court. We affirm the trial court's judgment.

## BACKGROUND

In 2010, Lopez moved in with his girlfriend and her children, including complainant U.H., who was nine or ten years-old at the time. Shortly after Lopez moved in with the family, he began exposing himself to U.H. Over the course of the next five years, these encounters escalated to acts of sexual intercourse. When U.H. was seventeen years-old, he made an outcry of sexual abuse and met with a forensic interviewer.

Lopez was arrested and interviewed by Detective Alberto Layton of the Dallas Police Department. Lopez spoke only Spanish, so Layton, who is bilingual, interviewed Lopez in Spanish. The interview was recorded on video. Lopez was indicted on a charge of continuous sexual abuse of a child.

The trial court held a pretrial hearing to address whether the recording of Lopez's interview could be admitted at trial. During the hearing, Layton testified to his Spanish-speaking skills, his experience as a police department interpreter, and the voluntariness of Lopez's recorded statements. Lopez objected that Layton was an interested witness and should not be allowed to testify to Lopez's statements made in the recorded interview. The trial court overruled Lopez's objection.

Lopez then asked the court to have the court reporter prepare a transcript of Layton's translation of the recorded interview and grant Lopez a continuance, "per the spirit of Texas Rule of Evidence 1009," so he could obtain a translation by a "certified . . . interpreter." As an alternative, Lopez asked whether "a disinterested

interpreter could provide the translation of the video." The trial court declined to rule on Lopez's request for a continuance and noted that he could arrange for an independent interpreter during a break in the trial, if he wished. The trial court reiterated that if Lopez so desired, he could contact the court coordinator "so we can get another interpreter that you may wish to call on during the trial."

At trial, the State offered into evidence the video recording and Layton's written summary of his interview with Lopez. The State also called Layton to testify regarding his interview with Lopez. During Layton's testimony, Lopez objected three times that Layton had offered his opinion of what Lopez meant by his recorded statements. The trial court sustained Lopez's objections, and Lopez offered no further objections.

During a break in the proceedings, Lopez called "the rotation translator" Mari Mattingly who testified outside the presence of the jury to the requirements for becoming a licensed court interpreter. Lopez then renewed his "prior objection." The trial court overruled the objection and informed Lopez that he could call Mattingly to testify before the jury if he wished. Lopez did not call Mattingly or any other disinterested witness to offer an interpretation of his recorded statements.

At the close of evidence, the jury returned a guilty verdict and assessed punishment at life in prison. This appeal followed.

## ANALYSIS

Lopez contends in three issues that he was denied his right to a fair trial under the Sixth and Fourteenth Amendments, the Texas Constitution, and the Texas Code of Criminal Procedure because the trial court permitted Layton's unsworn translation of his recorded interview. All three issues rest on Lopez's claim that he objected to "the use of Layton as a qualified translator" and "Layton's simultaneous translation" of [the] recorded interview" because "[a]t no time did the trial court swear Layton in as an interpreter to translate the recorded conversation." According to Lopez, the trial court's error violated his constitutional right of confrontation. The State contends, however, that Lopez failed to preserve error on this complaint. We agree.

To preserve an error for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. TEX. R. APP. P. 33.1(a)(1); *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012). Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. TEX. R. APP. P. 33.1(a)(2); *Pena v. State*, 353 S.W.3d 797, 807 (Tex. Crim. App. 2011). A reviewing court should not address the merits of an issue that has not been preserved for appeal. *Wilson v. State*, 311 S.W.3d 452, 473 (Tex. Crim. App. 2010) (op. on reh'g); *Reyes v. State*, No. 05-18-01486-

–4–

CR, 2020 WL 549065, at *2 (Tex. App.—Dallas Feb. 4, 2020, no pet.) (mem. op., not designated for publication).

A specific objection is required to give the trial judge an opportunity to rule on the objection and to allow opposing counsel to remedy the error. *Clark*, 365 S.W.3d at 339. Thus, although no "hyper-technical or formalistic use of words or phrases" is required for an objection to preserve error, the objecting party must "let the trial judge know what he wants, why he thinks he is entitled to it, and to do so clearly enough for the judge to understand him at a time when the judge is in the proper position to do something about it." *Golliday v. State*, 560 S.W.3d 664, 670 (Tex. Crim. App. 2018) (quoting *Clark*, 365 S.W.3d at 339). Usually, a complaint that has not been explicitly stated will not meet this standard unless statements or actions on the record clearly indicate that the judge and opposing counsel understood the specific argument. *Clark*, 365 S.W.3d at 339 (citing *Resendez v. State*, 306 S.W.3d 308, 315–16 (Tex. Crim. App. 2009)). When the correct ground for an objection is obvious to the judge and opposing counsel, however, a general or imprecise objection does not forfeit error. *Clark*, 365 S.W.3d at 339. In determining whether a complaint on appeal comports with a complaint made at trial, we look to the context of the objection and the shared understanding of the parties at the time. *Id.*

"Except for complaints involving systemic (or absolute) requirements, or rights that are waivable only, . . . all other complaints, whether constitutional,

statutory, or otherwise, are forfeited by failure to comply with Rule 33.1(a)." *Mendez v. State*, 138 S.W.3d 334, 342 (Tex. Crim. App. 2004); *see Clark*, 365 S.W.3d at 339; *Anderson v. State*, 301 S.W.3d 276, 279–80 (Tex. Crim. App. 2009). A violation of the right to confrontation is not a structural error but an error of "constitutional dimension." *Langham v. State*, 305 S.W.3d 568, 582 (Tex. Crim. App. 2010); *see Schmutz v. State*, 440 S.W.3d 29, 35 (Tex. Crim. App. 2014) ("A structural error affect[s] the framework within which the trial proceeds, rather than simply an error in the trial process itself, and is not amenable to a harm analysis." (citation omitted)). Consequently, the trial court must be "presented with and have the chance to rule on the specific constitutional objection because it can have such heavy implications on appeal." *Clark*, 365 S.W.3d at 340; *see* TEX. R. APP. P. 44.2 (subjecting constitutional error to a harm analysis while disregarding all other errors that do not "affect substantial rights").

At the pretrial hearing, Lopez noted that Layton's certification as a police department interpreter was not equivalent to that of a licensed court interpreter. However, Lopez did not object that Layton was not a licensed court interpreter or that his testimony regarding the recorded interview would be offered as though he were a licensed court interpreter. Rather, Lopez objected that the recording and Layton's narrative testimony were inadmissible because Layton was an interested witness, and that the jury's understanding of Lopez's recorded statements would be dependent on Layton's interpretation.

At trial, Lopez did not object to the video but objected that Layton's written summary of the interview was "not represented to be a verbatim translation" but was merely Layton's "notes as to his opinion as to what was said." The State clarified that the summary was being offered for demonstrative purposes only, and the trial court overruled Lopez's objection. The State played the video for the jury, stopping it periodically to ask Layton what was being said in the video. Lopez objected three times that Layton had offered his opinion of what Lopez meant by his recorded statements. The trial court sustained Lopez's objections.

During a break, Lopez called Mattingly to testify outside the jury's presence. Mattingly testified regarding court interpreter licensing requirements, that court interpreters use a first-person (non-narrative) style of interpretation, and that it is inappropriate to perform a live translation of a recorded video in court. After Mattingly testified, Lopez renewed his "prior objection," presumably referring to his pretrial objection that Layton's narrative testimony was inadmissible because Layton was an interested witness. The trial court overruled the objection. Lopez did not call Mattingly or any other disinterested witness to offer an interpretation of his recorded statements and did not offer any other objection to Layton's testimony.

In summary, Lopez objected only that Layton was an interested witness and that his testimony contained inadmissible opinions. Lopez did not object that Layton was not sworn in as a "qualified interpreter" or that the trial court did not appoint an

interpreter, as he argues on appeal. Consequently, he has not preserved these issues for appeal. *See Clark*, 365 S.W.3d at 340; TEX. R. APP. P. 33.1(a)(1).

Even if Lopez had preserved error for our review, the record does not reflect harmful error. *See Leal v. State*, 782 S.W.2d 844, 850 (Tex. Crim. App. 1989) (failure to comply with code of criminal procedure article 38.30 is reviewed for harmful error). At trial, Layton offered proof he was fluent in Spanish, was sworn as a witness, and was subject to cross-examination. Additionally, U.H. testified in detail without objection about the numerous times Lopez sexually assaulted him. *See* TEX. CODE CRIM. PROC. art. 38.07 (testimony of a child victim is sufficient alone to support a conviction for continuous sexual assault of a child). Consequently, even if the trial court erred in allowing Layton to translate the recorded interview, the jury heard the corroborating evidence and was free to believe it. *See Clay v. State*, 240 S.W.3d 895, 904 (Tex. Crim. App. 2007) (harm analysis includes consideration of other evidence corroborating the contested evidence). Thus, any error in admitting Layton's testimony was harmless. *See Leal*, 782 S.W.2d at 850; *see also Rodriguez v. State*, No. 05-10-00142-CR, 2011 WL 1744410, at *4–5 (Tex. App.—Dallas May 9, 2011, no pet.) (mem. op., not designated for publication) (other inculpatory evidence rendered harmless any error in admitting recording of an undercover drug buy conducted in Spanish as translated at trial by police detective fluent in Spanish and sworn as a witness).

## CONCLUSION

Lopez failed to preserve error on his issues for appeal, and any error by the trial court in admitting the recorded Spanish interview with Layton's translation was harmless error. Accordingly, we overrule all of Lopez's issues and affirm the trial court's judgment.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
190784F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ARMANDO LOPEZ, Appellant

No. 05-19-00784-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1876836-M.
Opinion delivered by Justice Partida-Kipness. Justices Schenck and Osborne participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 1st day of March, 2021.